ALBERT PACK ET AL. V. WILLIAM H. SIMPSON, CIRCUIT JUDGE OF ALCONA COUNTY.

*Transfer of cause—Discretion of circuit judge.*

How. Stat. § 6498, providing for the transfer of suits where the presiding judge is disqualified to try the same, is imperative if the application sets forth a proper cause for removal, which is established by the proofs, the only matter left to the discretion of the officer to whom the application is made being the circuit and county to which the cause shall be transferred.

*Certiorari* to review transfer of cause. Argued January 29, 1889. Writ dismissed February 8, 1889.

*Shields & McNamara,* for petitioners.

*Depew & Rutherford,* for respondent.

CHAMPLIN, J. This hearing is upon the return of the judge of the circuit court for the county of Alcona to a writ of *certiorari* issued to him, on the petition of Albert Pack, Folkert C. Folkerts, and George Masters, directing said judge to return what proceedings have been had before

him, and what has been done by him, in the matter of the application of George Robinson to transfer a cause wherein he is complainant from the circuit court for the county of Alpena in chancery to the circuit court for the county of. Alcona in chancery, together with the testimony in full that was taken before him on the hearing of the application. The circuit judge has complied with the mandate of such writ.

He certifies that on August 10, 1888, an application was presented to him for the purpose of obtaining an order transferring the cause of *George Robinson v. Albert Pack, Folkert C. Folkerts, and George Masters* to the circuit court for the county of Alcona from the circuit court for the county of Alpena. A copy of the application is attached and made part of his return. This application was on the petition of George Robinson, which shows that both of the parties were residents of Alpena county; that Robert J. Kelley was elected to the office of circuit judge of said county, and entered upon the discharge of his duties on January 1, 1888, and that before he became such judge he was consulted and employed as counsel in the subject-matter to be litigated in such suit; that Hon. William H. Simpson, circuit judge of the county of Alcona, is not within the disqualification mentioned in section 6495, How. Stat.; that Alcona county is in a circuit adjoining the circuit in which Alpena county is embraced; that O. H. Smith, Esq., is complainant's solicitor of record, and that he resides at the village of Harrisville, in Alcona county; and that George H. Sleator, the solicitor of record for defendants, resides in Alpena county. The petition was duly verified, and prayed for a removal of the cause to Alcona county.

On this application the circuit judge of Alcona county made an order fixing the time and place of hearing, and

directing notice to be given to the parties and their solicitors. A hearing was had before him on August 15, when Mr. J. B. Newton and Mr. W. E. Depew, attorneys, residing at Alpena, appeared for the application, and J. C. Shields, Esq., in opposition thereto. The judge directed a showing to be made in support of the application, when Mr. J. B. Newton was sworn in support thereof. His testimony was taken down by the official stenographer of the Alcona circuit, and is made a part of the return.

His testimony shows that he was solicitor of record for the complainant in the suit until August 7, 1888, when by his own consent an order was entered in the book of chancery orders, whereby O. H. Smith, Esq., was substituted as solicitor in his stead; that he, said Newton, resided at Alpena; that the bill was filed January 22, 1887, and after suit was commenced R. J. Kelley, of Alpena, was employed as counsel, and in fact before the bill was filed; that he is, and since January 1, 1888, has been, circuit judge of the circuit of which Alpena county is a part, and in which the suit is pending; that the purpose of the substitution of Mr. Smith in his place might be with a view of the present application for removal; that Judge Kelley is still counsel in the case, and that it is still the desire of the complainant and his expectation that Judge Kelley should assist in trying the case; that Judge Kelley had expressed his desire to try the case; and that it is his intention, and that is the reason for the motion for removal; that it was made at his request; that Judge Kelley came to him and talked the matter over, and it was through his desire that the motion was made; that determination to make the application was made several weeks ago by him and counsel for complainant, but was delayed on account of the absence of Judge Simpson.

He also testified to a stipulation made between the solicitors of the respective parties, as follows:

"In this cause, an order having been entered for the taking of proofs before a commissioner, it is hereby stipulated that such order be waived, and that the proofs in this cause be taken in open court, and that said cause be placed upon the docket for hearing at the May term, A. D. 1888., without further notice.

"Dated April 12, 1888."

Respecting this stipulation, he further testified that it was talked that either Judge Simpson or Judge Cobb would be there to hold the May term, but there was no certainty of it. It was expected that there would be another judge there, and that the case would be disposed of at the May term, but there was no judge brought there. Admits a conversation 10 or 12 days before with counsel for defendants, in which he expressed himself as anxious to have the case disposed of at the coming term. He further testified that Judge Cobb was then holding a term of court at Alpena, which opened the day before, that he was there for the purpose of trying such cases as Judge Kelley is interested in.

In opposition to the motion to remove, J. C. Shields was sworn, and testified as follows:

"I wish to state in reference to that stipulation that, when it was entered into between Mr. Newton and myself, the purpose of it, and sole purpose of it, as I understood it, was to get rid of the taking of testimony before the commissioner, and open the case so it might be put in shape to be heard and disposed of at the May term. At that time Judge Kelley had stated he expected that he would either have your honor (Judge Simpson) or Judge Cobb dispose of the case, as he was interested in it. Upon that information this stipulation was made. Again, from time to time, both before the making of this stipulation and since, and perhaps, to state it within the facts clearly, I should say I had two or three talks personally with Mr. Newton, and in none of them was there a hint or intimation of any purpose on the part of

the complainant to ask for an application of this kind. About ten or twelve days ago Judge Kelley showed me a telegram that he had received from Judge Cobb, saying that Judge Cobb would be present and open the present term of court, commencing yesterday, and would dispose of such cases as Judge Kelley might be interested in. I at once saw Mr. Newton, I think in the course of an hour after Judge Kelley had given me the information, and told him of it, and my recollection is that Mr. Newton already knew of it, and stated that he had already heard the same thing. Then I stated to Mr. Newton, ' Now let us get together and let us get this case in readiness, and dispose of that Robinson case;' and to that he assented, and said then we would get at it and dispose of it.

"*By the Court.* When was that?

"*A.* About ten or twelve days ago. I went to work at the case at once, never dreaming but what it was positively settled that it should be disposed of in the Alpena circuit, and devoted time to the preparation of the case, and had it in readiness. Judge Cobb is there now, and can hear the case and dispose of it."

This was all the showing that was made; whereupon the said circuit judge made an order transferring the cause to the circuit court for the county of Alcona, in chancery. Upon this record counsel for the plaintiff in *certiorari* claim:

1. By the stipulation referred to and above set out to proceed with and hear the cause in Alpena county the complainant waived any right to transfer the cause.

But there is no express waiver of the right to move for a transfer of the cause to an adjoining circuit. The most there can be said in favor of a waiver is that it implies that no action shall be taken by the parties or solicitors which will prevent a hearing at the May term, and no such action was taken. No judge qualified to hear the case held the circuit court in Alpena county at the May term, and no showing was made that either party had noticed it for hearing, or had stipulated that

it should be heard at the subsequent term.    Of course it could have been heard by consent, but the parties did not consent.

2.  Counsel claim that the transfer was practically secured by Judge Kelley, the counsel in the case, and that the case comes within the principle laid down in *Shannon v. Smith*, 31 Mich. 451.

In that case Judge Blackman entertained a motion to remove a cause in which he was interested, and granted the order for removal.    He was forbidden to act as judge in such case by the express provisions of the statute.    He acted entirely without jurisdiction.    Such is not the case here.    No question is made that a proper petition has been presented to Judge Simpson, due and proper notice given, and hearing had.    The application set forth a proper cause for removal, which was established by proof. When such is the case the statute (How. Stat. § 6498) is imperative.    It provides:

" If he shall be satisfied that the judge of the circuit court where such suit is pending is disqualified to sit in said cause within the intent and meaning of the first section of this act, he shall grant an order for the transfer of said cause or proceeding to the circuit court of some other county, which county shall be specified in said order."

The only matter left to his discretion is the circuit and county to which the cause shall be transferred.    In this case, the only circuit to which it could reasonably be removed is the Twenty-third circuit.    Only one other adjoins the Twenty-sixth circuit, over which Judge Kelley presides, and that is the Thirteenth circuit, which bounds his circuit on the west.    Alpena is on the eastern side of the Peninsula, and the Thirteenth circuit is on the western side.    The distance is remote, and no direct communication by railroad.    Alcona county is an adjoin-

ing county to Alpena, and from anything that appears is a proper county to transfer the cause to. No objection is raised to or hinted at Judge Simpson as being either an improper or distasteful judge to hear the cause. Indeed, the solicitors of the respective parties appear to have been quite anxious that he should hear the cause at Alpena. The opposition to the removal appears to be grounded upon reasons more fanciful than real. It is hinted in the argument that a jury might be inimical to the defendants, in the chancery suit in Alcona county, but the fear rests upon no solid foundation. The only other object which would be attained by a trial or hearing in Alpena county is that Judge Kelley would be prevented from taking part in the proceedings. But this is no legal objection to the application or removal of the cause.

There appears no error in the record and proceedings, and the writ of *certiorari* will be dismissed, with costs.

The other Justices concurred.