ELIZABETH GROSTICK, ADMINISTRATRIX, ETC., v. THE
DETROIT, LANSING & NORTHERN RAIL-
ROAD COMPANY.

| 96  495|
| 96  608|
| 96  495
|s56NW  24
|131  609

[See 90 Mich. 594.]

*Change of venue—Petition—Discretion of commissioner.*

1. The statute (How. Stat. § 6495 *et seq.*) does not require that the
application for the transfer of a suit, on account of the dis-
qualification of the circuit judge, shall be verified, nor that it
shall set forth that the judge of the circuit to which the suit
is to be transferred is qualified to sit.[1]
2. The fact that another circuit judge is expected to hold a term
of court in the county where the suit is pending does not affect
the right or duty of the circuit court commissioner to act upon
the application.
3. The only matter left to the discretion of the commissioner, where
the application sets forth a proper cause for removal, which is
established by the proofs, is the circuit and county to which the
cause shall be transferred.
4. Such discretion cannot be said to have been abused by trans-
ferring the suit to a county in which the attorneys for both
parties reside, instead of to an adjoining county, through which
the defendant's railroad runs, and which can be more conveni-
ently reached by the witnesses who reside in the county from
which the transfer is made.

*Certiorari* to one of the circuit court commissioners of
Livingston county to review proceedings to transfer a suit.
Argued June 30, 1893.    Order of removal affirmed July 25,
1893.    The facts are stated in the opinion.

*W. H. H. Russell,* for plaintiff, and petitioner in *certiorari.*

*Charles B. Lothrop,* for defendant.

MONTGOMERY, J.    This is *certiorari* to review proceed-

[1] See *Bolles v. Loan & Trust Co.,* 86 Mich. 229, and note, where
the cases are collected and summarized.

ings had before John Cummiskey, circuit court commissioner of Livingston county, resulting in an order for the removal of the cause from Livingston to Wayne county for trial. The return shows that on the hearing of the petition for removal it appeared that the attorneys of both parties resided in Wayne county; that the plaintiff resided in Livingston county; that the judge of the Livingston circuit court was disqualified by reason of having been of counsel in relation to the subject-matter, while none of the judges of the Wayne circuit court were disqualified from hearing the cause. Upon this showing the order was made.

The statute (section 6495) provides:

" That whenever any civil suit or proceeding shall be pending in any circuit court in this State, either on the law or equity side of said court, in which the judge of said court   *   *   *   has heretofore been consulted or employed as counsel in the subject-matter to be litigated in said suit,   *   *   *   the same may be transferred to some other circuit court in the manner provided by this act."

Section 6498 provides for a hearing upon the application, and further provides that—

" If he [the commissioner] shall be satisfied that the judge of the circuit court where such suit is pending is disqualified to sit in said cause, within the intent and meaning of the first section of this act, he shall grant an order for the transfer of said cause or proceeding to the circuit court of some other county, which county shall be specified in said order."

It is clear that the proofs offered showed that the order was justified, unless it be held, in accordance with the plaintiff's contention, either that the commissioner failed to obtain jurisdiction to make the order because of the insufficiency of the petition, or that there was an abuse of discretion on his part in transferring the cause at all, in view of the fact that a trial could have been had before

another judge, or that he, in a similar manner, abused his discretion in transferring the cause to Wayne, instead of Washtenaw, county.

The criticism upon the petition is that it was not verified, and that it failed to set forth that the judges of the Wayne circuit court were qualified. The statute does not require the petition to be verified. Section 6496. It does state that such application shall be in writing, and shall set forth the grounds specifically for such transfer. Section 6498 makes provision as to the method of furnishing the evidence upon which the commissioner acts. The statute does not require that the petition shall set forth that the judge of the circuit to which the cause is to be transferred is qualified to sit. This fact, it is true, should be shown to the commissioner, but this showing is made on the hearing of the application, after notice to the other side. This must necessarily be so, for it cannot be known to the applicant to what circuit the commissioner would be disposed to order the case transferred.

The fact that another circuit judge was expected to hold a term of court in Livingston county could not affect the right or duty of the commissioner upon the application in question. The statute is imperative. If the showing before him complies with the statute, as was said in *Pack v. Circuit Judge,* 74 Mich. 33, "the only matter left to his discretion is the circuit and county to which the cause shall be transferred."

It is claimed, also, that there was an abuse of discretion in not removing the cause to Washtenaw, rather than to Wayne, county. None of the attorneys resided in Washtenaw county, but it does appear that the defendant's road runs through that county, and that it is more convenient to the witnesses who are residents of Livingston county to attend the case in Washtenaw county. Without

96 Mich.—32.

expressing any opinion as to whether the defendant has any such residence in Washtenaw county as would have authorized a removal of the cause there, we think there was no such abuse of discretion as would justify this Court in vacating the order made.

The order will be affirmed, with costs.

The other Justices concurred.