## WEAVER *v.* RIX.

JUSTICES OF THE PEACE—JURISDICTION—NONRESIDENTS.

Under 2 How. Stat. § 6819, providing that actions in justice's court may, where the plaintiffs are all nonresidents of the county, or the defendant is a nonresident of the county, "be brought before any justice of the township or city where such plaintiffs or defendants, or either of them, may be," it is not essential that either the plaintiff or the defendant, at the time of taking out the summons, be personally present in the township.

Error to Van Buren; Buck, J.    Submitted June 4, 1896.    Decided June 30, 1896.

William Weaver commenced suit in justice's court against George H. Rix by writ of summons.    Plaintiff

had judgment, and defendant removed the cause by *certiorari* to the circuit court, where the judgment was affirmed. Defendant brings error. Affirmed.

*T. J. Cavanaugh*, for appellant.

*Hammond & Hammond*, for appellee.

MONTGOMERY, J. This is a writ of error to review a decision of the circuit court affirming a decision of a justice of the peace holding that he had jurisdiction of the parties. The facts, as they appear in the return of the justice, are that plaintiff, at the time of the commencement of the suit in justice's court, was a resident of Eau Claire township, in the county of Berrien. The defendant was a resident of the township of Antwerp, in the county of Van Buren. A summons was sued out before a justice of the peace of the township of Keeler, in Van Buren county. The defendant moved to dismiss, for the reason that neither the plaintiff nor the defendant was a resident of the township, nor of any township next adjoining or contiguous thereto, and therefore the court had no jurisdiction. This motion was overruled.

Section 6819, 2 How. Stat., provides that "if the plaintiffs be all nonresidents of the county, or if the defendant be a nonresident of the county, then such action may be brought before any justice of the township or city where such plaintiffs or defendants, or either of them, may be." It is contended by the appellant that, under this section, the plaintiff must, at the time of taking out the summons, be present in the township, or the defendant must be shown to be present in the township. It might be sufficient to say that this point was not made distinctly before the justice; but, if we should assume that it was considered by him, his ruling was right. Our statute was borrowed from that of New York, which had a construction by the supreme court as early as 1833, in *Hunter* v. *Burtis*, 10 Wend. 358; and it was there held that, under a statute precisely like the provision of section

6819, above quoted, it is not essential that the plaintiff, being a nonresident, be personally present in the town when the writ issues. In adopting this statute from New York, it will be presumed to have been adopted with the judicial construction previously placed upon it.

Judgment affirmed.

The other Justices concurred.