FREUD *v.* WAYNE CIRCUIT JUDGE.

1. TRESPASS—CHANGE OF VENUE—CONSTRUCTION OF STATUTE.
   By the terms of 3 Comp. Laws, § 10216, actions for trespass on land are to be brought in the county where the land is situated. Section 10217 enacts that, when the defendant is not an actual resident of such county, the action may be prosecuted in any county where he may be found; provided that, whenever any such cause shall be pending in any circuit court other than in the county where the trespass was committed, said court "may," on the application of either party, accompanied by an affidavit showing in what county the lands are situate, change the venue to the latter county, and "shall" make all necessary orders for the removal, and the court to which said cause shall be so removed "shall" proceed to hear and determine the same. *Held*, that the provision as to change of venue is mandatory, on the situation of the land being shown.

2. MANDAMUS—VACATION OF ORDER—PRACTICE.
   *Mandamus* will not lie to compel a circuit judge to vacate an order unless application for such relief has first been made to him.

*Mandamus* by Leopold Freud to compel Morse Rohnert, circuit judge of Wayne county, to vacate an order granting a change of venue. Submitted October 16, 1902. (Calendar No. 19,594.) Writ denied November 11, 1902.

*Keena & Lightner*, for relator.

*James H. Lynch*, for respondent.

MONTGOMERY, J. The relator brought an action in trespass against Strathearn Hendrie on the 19th of April, 1902. A declaration was filed, alleging the trespass to have been committed in the county of Oakland, and issue joined. The defendant made an application to the circuit court for the county of Wayne for a change of venue to the county of Oakland. This motion was heard before respondent, and granted, on the ground that the statute

(section 10217, 3 Comp. Laws) required such action upon
showing that the trespass was committed in the county of
Oakland; and the question presented by this application is
whether the provisions of this section authorizing a change
of venue are mandatory or permissive.

Prior to the enactment of this section in its original
form in 1861, actions for trespass on land were local, and
were brought only in the county where the trespass was
alleged to have been committed. 3 Comp. Laws, § 10216;
*Haywood* v. *Johnson*, 41 Mich. 604 (2 N. W. 926). In
1861, however, an act was passed providing, in effect,
that "all cases of trespass on lands, and all cases of tres-
pass upon the case for direct or consequential damages on
account of injury to personal property, when the defend-
ant is not an actual resident of the county in which such
lands are situate,   *   *   *   may be prosecuted and main-
tained at law in any county where such defendant may
be found." This continued to be the state of the law
until 1883, when by an amendment a proviso was annexed
to this provision of the statute, which is now the proviso
embodied in section 10217, which reads as follows:

"*Provided*, that, whenever any such cause shall be
pending in any circuit court other than in the county
where such trespass or such injury was committed, said
court may, on the application of either the plaintiff or
defendant therein, accompanied by an affidavit stating
specifically where such lands are situate, or where such
personal property was situated at the time of committing
such injury, change the venue of and certify and remove
said cause to the circuit court of the county where such
lands are situate, or where such personal property was
situated at the time of committing of such injury, and
direct the issue to be there tried, and shall make all neces-
sary rules and orders for the removal of said cause, and
all matters relating thereto; and the circuit court to which
said cause shall be so removed shall proceed to hear and
determine the same, and execution may thereupon be had,
in the same manner as if the same had been originally
prosecuted in said court."

It will be noted that the language of the statute is that,

upon an application of either the plaintiff or defendant, the court *may* change the venue, and certify and remove the cause to the circuit court for the county where the lands are situate, and direct the issue to be there tried, and *shall* make all necessary rules and orders for the removal of the cause, and all matters relating thereto. It is the contention of the relator that the word "may" implies that the authority is permissive. While conceding that the word "may" is often held to be mandatory, it is argued that, as used in this statute, it should be held permissive.

We think otherwise. It will be noted that the word "shall" is employed when dealing with the requirement that orders and rules for the removal of the cause shall be made. But, more than this, the section provides in terms by what application and upon what showing the court may act. There is no implication that a counter showing is intended or to be permitted, and we think the legislative intent that, upon this showing being made, a transfer of the cause shall follow, is clear.

It has been held that, under section 10105 *et seq.*, the applicant, upon showing the facts stated in the statute, is entitled of right to have the cause transferred. That statute provides by the first section that upon showing the relationship of the circuit judge, or his interest as a party, the cause *may* be transferred to some other circuit. It provides in the second section that the party desiring to have the cause transferred *may* apply to the circuit court commissioner; and by section 4 that, being satisfied of the disqualification of the circuit judge, the commissioner *shall* grant an order of transfer to some other county. The statute is amplified somewhat more than is that under discussion, but this proviso is that the court may, on the application of either plaintiff or defendant, transfer the cause; and, after stating what such application shall contain, it is provided that the court *shall* make the necessary rules and orders for the removal of the cause. The former statute has been twice before this court, and has been

held to be mandatory.     *Pack* v. *Alcona Circuit Judge,*
74 Mich. 28 (41 N. W. 850); *Grostick* v. *Railroad Co.,*
96 Mich. 495 (56 N. W. 24).     We think the proviso of sec-
tion 10217 is equally so.

A question of practice is raised in the brief of counsel
for respondent, which would be sufficient to dispose of the
case were the point insisted upon.     No application was
made to the circuit judge to vacate the order in question.
Proper practice requires that, before an application is
made to this court, such application shall be made.     How-
ever, as the case is fully briefed, and presents a question
of some importance, we have thought better to dispose of
it on its merits.

The application will be denied.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.