PRESTON NATIONAL BANK *v.* WAYNE CIRCUIT JUDGE.

1. VENUE—CHANGE—AFFIDAVIT—SUFFICIENCY.
   An affidavit for change of venue on the ground of local prejudice is sufficient if it follows the language of the statute, and entitles the moving party to a change (§ 10, subd. 3, Act No. 309, Pub. Acts 1905).

2. SAME—CONSTITUTIONAL LAW.
   The statute as so construed is constitutional.

3. STATUTES — CONSTRUCTION — STATUTE ADOPTED FROM OTHER STATE.
   The adoption of a statute· of a sister State is presumed to have been with reference to the previous construction given to such statute by the courts of such State, and before this rule will be discarded the court must find some more potent reason than its own conviction of the unwisdom of such legislation as construed by the courts of such State.

Mandamus by the Preston National Bank to compel

Flavius L. Brooke, circuit judge of Wayne county, to grant a change of venue. Submitted October 17, 1905. (Calendar No. 21,363.) Writ granted December 15, 1905.

*Geer & Williams* and *H. R. Martin*, for relator.

*John C. Donnelly* and *Frederick W. Whiting*, for respondent.

MONTGOMERY, J. This is an application for mandamus requiring respondent to grant a change of venue in the case of the Union Trust Company against the relator. Relator, acting under Act No. 309, Pub. Acts 1905, filed an affidavit stating that the "defendant cannot have a fair and impartial trial of said cause in said county because of the odium attaching to the defendant and its cause of defense, on account of local prejudice here existing against defendant," and that "defendant cannot have a fair and impartial trial of said cause in said county because the plaintiff has an undue influence over the citizens of said county."

The statute provides that the court shall change the venue in any civil action pending therein upon the application of either party made upon affidavit showing one or more of the following causes:

"*Third*, That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice."

It will be noted that the affidavit follows closely the language of the statute, and entitled the relator to the order asked if the statute shall be construed as intended to prescribe a form of affidavit rather than as designed to prescribe the fact to be established by affidavit. The circuit judge was of the opinion that the latter construction was the correct one. If the statute had no history the reasoning upon which the circuit judge reached the conclusion announced would be quite persuasive. We find,

142 MICH.—18.

however, that the statute in question was adopted verbatim et literatim from the statutes of Indiana, and had, prior to its adoption here, received a settled construction by the supreme court of that State. It was the established rule in that State that an affidavit in the language of the statute was sufficient and entitled the moving party to a change of venue. *Cory* v. *Silcox*, 5 Ind. 372; *Shaw* v. *Hamilton*, 10 Ind. 182; *Rout* v. *Ninde*, 118 Ind. 124. These cases also hold that no counter showing is allowable.

It is an established rule of construction that the adoption of a statute of a sister State is presumed to have been had with reference to the previous construction given to such statute by the courts of such State. Endlich on Interpretation of Statutes, § 371; 2 Lewis' Sutherland on Statutory Construction (2d Ed.), § 404; *Stadler* v. *Moors*, 9 Mich. 269; *Weaver* v. *Rix*, 109 Mich. 697; *Stellwagen* v. *Wayne Probate Judge*, 130 Mich. 166. While this rule of construction may not be absolutely imperative (see *Stellwagen* v. *Wayne Probate Judge*, 130 Mich., at page 176), yet the instances in which it has not been applied are very rare, and where some controlling counter consideration exists such as a fixed State policy wholly at war with such construction. See Endlich and Sutherland at sections cited, supra. Before we should feel at liberty to discard this rule, we would feel bound to find some more potent reason than our own conviction of the unwisdom of such legislation as construed by the courts of the State from which it was borrowed.

A doubt was expressed by the circuit judge of the constitutionality of this statute as construed by the Indiana court. We are cited to no case which holds such legislation unconstitutional. The constitutionality of similar enactments was assumed in *Freud* v. *Wayne Circuit Judge*, 131 Mich. 606. See, also, *Gee* v. *Railway Co.*, 140 Mo. 314.

The mandamus is granted.

MCALVAY, BLAIR, OSTRANDER. and HOOKER, JJ., concurred.