$\begin{vmatrix} \bar{1}43 & 79 \\ f143 & {}^4339 \end{vmatrix}$

PETERSON *v.* ST. CLAIR CIRCUIT JUDGE.

1. VENUE—RIGHT TO CHANGE—WAIVER.

A defendant, who has a right under the statute (Act No. 309, Pub. Acts 1905) to a change of venue, does not waive it by delaying his motion until the day the case is set for trial pursuant to a stipulation that it might be set for trial as the first case of the term.

2. CONSTITUTIONAL LAW—VALIDITY OF STATUTES—POLICY OF THE LAW.

The wisdom of legislation is a question for the legislature, not the courts.

3. STATUTES—CONSTRUCTION—PRESUMPTION —ADOPTION FROM SISTER STATE.

Where the legislature adopts a statute from another State which has been construed by the courts of that State, it will be presumed the legislature had that construction in mind when it adopted the statute.

4. VENUE—CHANGE—APPLICATION—NOTICE.

An application for change of venue, under Act No. 309, Pub. Acts 1905, is properly denied where no notice is given as provided for motions generally by Circuit Court Rule 19 *c.*

Mandamus by Norris C. Peterson to compel Eugene F. Law, circuit judge of St. Clair county, to vacate an order denying a change of venue. Submitted January 30, 1906. (Calendar No. 21,529.) Writ denied February 27, 1906.

*Moore & Brown* (*Avery & Walsh*, of counsel), for relator.

*A. E. Chadwick, James L. Coe* and *J. B. McIlwain*, for respondent.

MOORE, J. This case was commenced by writ of capias. The case was upon the April, 1905, and October, 1905, docket. In December a stipulation was entered into continuing the case over the term, and agreeing that it

might be set for the first case in the January term. The January term commenced January 2d, but a jury was not required to be in attendance until Monday afternoon, January 8th. When the case was called on the afternoon of January 8th, a motion for change of venue was made. This motion was in the language of the statute, and also was supported by an affidavit showing the reason why the motion was not made earlier was because the defendant did not know or learn that a necessity for the motion existed until the day he caused the motion to be made. The motion came on to be heard immediately, and the only prior notice given to the attorneys for the plaintiff was an oral notification in the morning of the same day, given to both the judge and the attorney for plaintiff, that such a motion was to be made. The circuit judge denied the motion. The case was adjourned until the following morning, when the parties proceeded to draw a jury. The jury were sworn. In the meantime an application was made to this court for a writ of mandamus and a stay of proceedings. An order to show cause and a stay of proceedings were granted.

The main question in the case is whether this motion is too late, and whether the defendant has waived his right to make the motion by the agreement to set the case for trial. In many respects the case is parallel with the case of *Preston Nat. Bank* v. *Wayne Circuit Judge,* 142 Mich. 272. In that case the question of waiver was before the court, and, though it was not discussed in the opinion, it was considered and passed upon.

The wisdom of this legislation is a question, not for the court, but for the legislature, which has deemed it wise to enact the statute. This statute has been construed by a sister State, and it may be presumed the legislature had that construction in mind when it enacted the law. See *Cory* v. *Silcox,* 5 Ind. 372; *Shaw* v. *Hamilton,* 10 Ind. 182; *Rout* v. *Ninde,* 118 Ind. 124; *Louisville, etc., R. Co.* v. *Martin,* 17 Ind. App. 679. See, also, *Moore*

*v. Sargent,* 112 Ind. 484.  As to the effect of what is claimed to be a waiver where the right to a change of venue is given, see *Pack* v. *Alcona Circuit Judge,* 74 Mich. 28.

One other question remains for consideration; and that is, Should notice of this motion have been given under the rule?  The circuit judge gave as one of his reasons for denying the motion that notice had not been given.  He also returns that counsel did not ask for or obtain any order for short notice and service.

Counsel for relator contend that, as the statute fixes no time when the motion must be made, the case does not come within the rule.  The legislature has given to the court the right to prescribe rules of practice.  The statute (Act No. 309, Pub. Acts 1905) requires an application to the court before a change of venue can be ordered.  Subdivision *b,* Circuit Court Rule 19, provides that notices of the argument of certain motions shall be given and the length of time which should intervene.  We can see no good reason why it should not be held that the application required by the statute comes within the rule.  See *Moulder* v. *Kempff,* 115 Ind. 459.  This question was not raised in *Preston Nat. Bank* v. *Wayne Circuit Judge,* supra.  A four days' notice of hearing was given in that case.

For the reason stated, the application is denied.

McALVAY, GRANT, OSTRANDER, and HOOKER, JJ., concurred.