BENNETT *v.* KALAMAZOO CIRCUIT JUDGE.

MANDAMUS—CRIMINAL LAW—QUASHING INFORMATION—REVIEW.
It is necessary, in a criminal proceeding as well as in a civil suit, to move to vacate an order which the relator by mandamus seeks to have set aside: the rule applies to an order quashing the information in a prosecution for violation of the liquor law. OSTRANDER, J., dissenting.

Mandamus by Milo O. Bennett, prosecuting attorney for the county of Kalamazoo, to compel Nathaniel H. Stewart, circuit judge of said county, to set aside an order quashing an information charging one George Duncan with selling liquor without furnishing the statutory bond. Submitted June 9, 1914. (Calendar No. 25,986.) Writ denied July 24, 1914.

*Milo O. Bennett, in pro. per.*

*George V. Weimer,* for respondent.

MOORE, J. In the case of *People* v. *George Duncan* the complaint, warrant, and information charged that the respondent "did engage in the business of selling and keeping for sale and did sell intoxicating liquors on the second floor of a certain building situated on North Rose street, etc., without theretofore having made, executed and delivered the bond," etc. A motion to quash the information was made and granted. The relator seeks by mandamus to have that action vacated for many reasons which he discusses in his brief.

The circuit judge in his return states, among other reasons, that the prayer of relator should not be granted, because the petition does not show that there was "any request by relator and refusal by this respondent to vacate the said order mentioned in said

petition quashing said information and warrant and discharging said Duncan."

The attorney for the respondent, who is also the attorney for Mr. Duncan, insists that because of this return this court should not issue the writ of mandamus.

The relator concedes the rule in civil cases, but argues it does not apply in criminal cases where an information has been quashed, citing a number of cases. We have examined them all, and do not find a case, either civil or criminal, where the person seeking the vacation of an order was granted a writ of mandamus, where the record shows that no motion to vacate the order was made and counsel insisted upon the objection.

There are many cases where under such circumstances the writ was denied. *Hitchcock* v. *Wayne Circuit Judge,* 97 Mich. 614 (57 N. W. 189), and cases cited in the note; *Stenglein* v. *Saginaw Circuit Judge,* 128 Mich. 440 (87 N. W. 449); *Freud* v. *Wayne Circuit Judge,* 131 Mich. 606; *Blain* v. *Chippewa Circuit Judge,* 145 Mich. 59 (108 N. W. 440). See, also, *Lapham* v. *Oakland Circuit Judge,* 170 Mich. 564 (136 N. W. 594).

The application is denied.

McALVAY, C. J., and BROOKE, KUHN, STONE, BIRD, and STEERE, JJ., concurred with MOORE, J.

OSTRANDER, J. (*dissenting*). I think there was no occasion to move to vacate the order.