MESLER *v.* JACKSON CIRCUIT JUDGE.

1. MANDAMUS—ORDER OF COURT—MOTION TO SET ASIDE—PRACTICE.
    Mandamus will not lie to compel a circuit judge to vacate an order unless application for such relief has first been made to him.

2. DIVORCE—ALIMONY—AGREEMENT BETWEEN HUSBAND AND WIFE
    —CONTEMPT.
    A sum awarded to the wife by the court, on granting her a divorce, in pursuance of an agreement between the husband and wife, after their separation, whereby he was to pay her a certain sum monthly, and intended for her support and maintenance out of her husband's estate, is alimony, the payment of which may be enforced by contempt proceedings.

3. SAME—PERMANENT ALIMONY—DIVISION OF PROPERTY.
    "Permanent alimony" is a provision for the support and

maintenance of a wife out of her husband's estate during her lifetime, ordered by a court on decreeing a divorce; "alimony" being essentially a different thing from a division of property of the parties.

4. SAME—JURISDICTION—EQUITY—PLEADING.
    The equity court has jurisdiction, in an action for divorce, where the petition contains a prayer for general relief, to adjust and settle the rights of the parties with respect to the nature and amount of the alimony, and, in doing so, to confirm any agreement of the parties that is just and reasonable, and not the result of fraud and coercion.

5. SAME—CONTEMPT—STATUTES.
    Act No. 230, Pub. Acts 1899, authorizes contempt proceedings in divorce cases.

6. SAME—ALIMONY—PERSONAL DECREE—INTEREST IN PROPERTY.
    An award of alimony ordering defendant to pay a certain sum monthly is a personal decree, and not necessarily an interest in property, and is not in conflict with the underwriting on the subpoena served on defendant in the divorce suit, reciting that a personal decree was sought against him and that the bill was not filed to reach interests in property.

Mandamus by Arthur M. Mesler against James A. Parkinson, circuit judge of Jackson county, to compel respondent to vacate an order adjudging that relator pay certain sums as alimony, solicitor's fee, and costs, awarded in the divorce proceedings of his wife, Maud Z. Mesler, and that in default an order of contempt be entered in said court. Submitted June 22, 1915. (Calendar No. 26,266.) Decided September 28, 1915.

*John Emmet Sullivan*, for relator.

' *McHugh, Gallagher, O'Neil & McGann*, for respondent.

STONE, J. The relator filed a petition for a writ of mandamus to compel respondent to vacate an order made on January 1, 1914, ordering and adjudging that relator pay to Maud Z. Mesler, his former wife, the

sum of $368, being permanent alimony and interest thereon, due under a decree for divorce theretofore entered by respondent, and that relator pay the further sum of $25 as solicitor's fee for services in such proceedings, and also $15 for the costs and expenses of Maud Z. Mesler in such matter within 30 days, and that in default of the payment of said sums that said relator be adjudged to be in contempt of court, and that an order of contempt be entered in said court.

The relator represented that on January 13, 1910, the said Maud Z. Mesler filed a bill for divorce in the circuit court for the county of Jackson, in chancery, against him, upon the grounds of extreme cruelty, nonsupport, and adultery. The bill prayed for alimony, both temporary and permanent, and for such further relief as should be agreeable to equity and good conscience:

The twelfth paragraph of the bill was as follows:

"Your oratrix further shows unto the court: That about July, 1908, defendant had been contributing nothing whatever to the support of your oratrix, and that she had consulted with the prosecuting attorney about having a warrant issued for him for nonsupport, and that their property matters were adjusted by his making an agreement to pay her $300 at the rate of $10 a month until the $300 should be paid. He partly carried out this agreement, and paid thereon about $60, and that there is a balance due her under the agreement of $240 and interest. That he has refused since to pay anything towards her support, although of sufficient ability so to do, and has grossly, cruelly, and wantonly neglected to provide a suitable maintenance for your oratrix, and that she has been compelled to work and earn her own living, although her health is impaired and not as good as it ought to be. That it has been impaired, and she believes permanently."

That a writ of subpoena was issued and duly served upon relator on January 24, 1910. That this writ was

in the usual form and had on it the following under-writing, to wit:

"*Underwriting.* A personal decree is sought against the defendant, Arthur M. Mesler, for a divorce, and the bill is not filed to reach interests in property, and not to obtain further relief against the remainder of the defendants."

That the said bill was taken as confessed, and on July 13, 1910, a decree was duly entered in favor of complainant, dissolving the said marriage, and containing the following provision:

"It is further ordered, adjudged, and decreed that the said defendant, Arthur M. Mesler, having, as appears by Exhibit C on file in this cause, on the 3d day of July, 1908, undertaken and agreed in writing to pay to the said complainant the sum of $360, at the rate of $10 per month, commencing July 16, 1908, without interest, and that the said defendant has not complied with said agreement in full, but has paid only $40 thereon, and that the balance of $320 is unpaid, it is ordered, adjudged, and decreed that the said defendant pay to the said complainant the said sum of $320 and interest thereon at the rate of 5 per cent. per annum until the same shall be paid in full."

In the month of August, 1913, Maud Z. Mesler made an application to the respondent for an order upon said relator to show cause why an attachment should not issue against him and he be punished as for a contempt, by reason of his neglect in not paying said several sums of money mentioned in the said decree of July 13, 1910. Said application represented that a certified copy of the decree had been served on the relator, and a demand made for payment of said moneys, and that the same remained unpaid. An order to show cause was issued by the respondent and duly served on the relator, who appeared and answered that he did not know the contents of said decree until December 17, 1910, when a certified copy was served upon him; that until then he did not know that he was ordered by a

decree to pay any sum of money. He represented his inability to pay the same, or any part thereof. He further denied that he had been guilty of contempt of court, for the reason that he had been unable to pay the amounts ordered in the decree to be paid, and also for the reason that the sums mentioned in said decree, and thereby ordered to be paid, were not properly matters to be adjudged and ordered in a decree for divorce, excepting the solicitor's fees and costs, and in any adjudication of alimony the payment of the same could not be enforced by contempt proceedings.

After a hearing of the parties, and on the 1st day of January, 1914, the respondent entered an order reciting the proceedings and the appearance of the parties before him, that arguments had been made and briefs filed by solicitors for the respective parties, and the fact appearing that no part of the said sum of $360, mentioned in the decree, had been paid after demand, the order concluded in substance as stated by relator in his petition, as aforesaid.

Numerous objections and exceptions were filed by relator to the entry of this order, but no motion seems to have been made to vacate the same. It is urged that the said order, by its terms, amends the decree by making the payment aforesaid ordered and decreed as alimony, whereas the said decree is silent as to the same; that the said order is contradictory of and inconsistent with said decree, as the said decree refers to a certain contract made and entered into between the parties hereto a long time prior to the beginning of said suit, wherein and whereby said complainant waived and surrendered her right to alimony in case a suit for divorce was commenced; and because the court cannot enforce the payment of said sum by contempt proceedings, because it is a mere debt, and because defendant has by his showing made it appear that he is unable to pay said amount, and because the subpoena

served on defendant in the case states that no decree affecting property is sought by complainant, and this order undertakes to compel defendant to pay over to complainant $368 of his money.

In his opinion filed by the respondent upon said proceeding, and referring to the said sum of money, he said:

"It [the agreement] was executed by the parties after their separation and provided for the payment of $360 at the rate of $10 per month by the defendant, and was to be received by her on account of her releasing him from all claim against him as her husband for support, maintenance, alimony, either temporary or permanent, suit money, solicitor's fees, etc. See paragraph 6 of that agreement. Apparently that was deemed a suitable sum to pay her because of their marriage relation and the separation, and was not the confession of any pecuniary indebtedness on his part, nor was she to receive it in payment or satisfaction of any indebtedness. Had no such agreement been made, the court might have fixed upon its terms as a proper award of alimony. Should the defendant escape its payment because the court adopted it, simply because the court by the decree did not use the term 'alimony'? The purpose of the award seems to be sufficiently evident. The decree refers to Exhibit C as being on file in the cause, and that agreement provides for those payments to be made for complainant's support and maintenance, or in consideration of her releasing him from support, maintenance, alimony, etc., and I think it is sufficiently plain, although it might have been stated more plainly, that her sum so awarded in the decree was out of the defendant's property and for alimony; and that in this respect it is within the jurisdiction of the court and that the authority of the court was lawfully and properly exercised. In attempting to give force and effect to that agreement in and by the decree, the court made it the duty of the defendant to do the very thing he had promised to do, and I do not quite see why he should be excused because the court adopted as his duty the very thing he had assented to and prescribed. The decree accom-

plishes the same end that the agreement seeks.    *    *
*  It seems to me that it is a necessary inference that
such fulfillment of the undertakings on his part in that
agreement, being for alimony, is virtually decreeing
alimony to her, and that defendant is not in any wise
misled. I therefore hold that he should be required to
make these payments, and for failure so to do should
be adjudged in contempt, unless there is some other
valid reason for not so adjudging."

The writ of mandamus might properly be denied, for
the reason that no application was made by the relator
to respondent to set aside the order complained of.
*Hitchcock* v. *Circuit Judge,* 97 Mich. 614 (57 N. W.
189) ; *Freud* v. *Circuit Judge,* 131 Mich. 606 (92 N.
W. 109) ; *Bennett* v. *Circuit Judge,* 181 Mich. 700 (148
N. W. 162), and cases there cited. However, as the
case is fully briefed upon the merits, and presents a
question of some importance. we are inclined to dispose
of it on its merits.

The claim is made by the relator that the sum
awarded by the court in pursuance of the agreement
referred to is not alimony in the proper sense of that
term.   We do not agree with counsel in that regard.
We think it clearly appears that the sum ordered to be
paid was intended for the support of the wife.   Per-
manent alimony has been defined as a provision for
the support and maintenance of a wife out of her hus-
band's estate during her lifetime, ordered by a court
on decreeing a divorce.   The award of alimony is
essentially a different thing from a division of prop-
erty of the parties.   See Black's Law Dictionary, under
the title of "Alimony."

We have examined the authorities cited by counsel
for relator to the effect that the court has no jurisdic-
tion to settle claims of a wife against her husband for
her separate property in a divorce suit, but we do not
think these authorities are controlling of the question
here.   In the case of *Julier* v. *Julier,* 62 Ohio St. 90

(56 N. E. 661, 78 Am. St. Rep. 697), it was held that in an action for divorce, properly instituted, where the petition contains a prayer for general relief, the court has jurisdiction to adjust and settle the rights of the parties with respect to the nature and amount of the alimony that shall be awarded and the terms and conditions of its payment, and in doing so to confirm any agreement of the parties concerning the same that appears to be just and reasonable, and render a decree in conformity therewith.

As early as the case of *Randall* v. *Randall,* 37 Mich. 563, it was held that when a separation between husband and wife had actually taken place, or when it has been fully decided upon, it is competent for the parties to make a suitable provision for the maintenance of the wife and children, where such arrangements are fair and equal and are not the result of fraud and coercion. Such seems to have been this agreement. The respondent distinctly found that the agreement was made after the parties had separated. The right to institute contempt proceedings in divorce cases is to be found in Act No. 230, Pub. Acts 1899. That act has been construed by this court in a number of cases. See *Judd* v. *Judd,* 125 Mich. 228 (84 N. W. 134) ; *Brown* v. *Brown,* 135 Mich. 141 (97 N. W. 396). In *Mayer* v. *Mayer,* 154 Mich. 386 (117 N. W. 890, 19 L. R. A. [N. S.] 245, 129 Am. St. Rep. 477), it was held that this statute did not authorize such proceedings in a case brought in this State to enforce a decree for alimony made by a court of another State.

It is also urged by relator's counsel that the respondent had no authority to make the provision referred to in the decree and to make the order complained of, because of the underwriting on the subpœna. An award of alimony, when made, as in this case, is a personal decree, and not an interest in property necessarily. The relator was informed that a personal de-

cree was sought against him for a divorce, and that the bill was not filed to reach interests in property. We do not think that the relator could have been misled by the underwriting, and are of the opinion that it was sufficient to confer upon the court the authority to make the decree complained of. It may be proper to state that in the original decree provision was made for the payment by relator to the said Maud Z. Mesler of the sum of $200, being personal estate of hers that came into his hands. The respondent in the contempt proceedings distinctly held that that portion of the decree was void, and no attempt has been made to enforce it in these proceedings.

For the reasons given, the writ of mandamus is denied, with costs to the respondent.

BROOKE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

The late Justice McALVAY took no part in this decision.