IN THE MATTER OF THE ESTATE OF JAMES W. SANBORN, DECEASED. JOHN P. SANBORN v. WATSON BEACH, CIRCUIT JUDGE.

*Change of venue—Disqualification of judge—Statutes.*

1. Where the showing made upon the hearing of an application for the transfer of a cause because of the disqualification of the circuit judge covers all of the statutory facts entitling the petitioner to such transfer, the officer to whom the application

is made, as a general rule, is required to make the order asked for.[1]

2. Act No. 30, Laws of 1891, which makes it the duty of the circuit judge of the sixteenth judicial circuit, as reorganized by said act, to aid and assist the judge of the thirty-first judicial circuit in transacting its business so far as he can without detriment to the business of his own circuit, does not purport, in terms, to give him the *right* to sit in the thirty-first circuit for the purpose of hearing cases in which the resident judge is disqualified, and does not suspend the operation of the general statute providing for the transfer of such cases.

3. Act No. 208, Laws of 1893, which purports to impose upon the circuit judge of the sixteenth judicial circuit the duty of holding court in the thirty-first judicial circuit whenever the resident judge is disqualified, and which prohibits the transfer of cases from either of said circuits on account of the disqualification of the judge thereof, unless both of said judges are disqualified or refuse or are unable to sit therein, does not apply to an application for a transfer which had been passed upon at the time of the passage of the act.

*Certiorari* to review proceedings resulting in an order refusing to transfer a cause from St. Clair to Wayne county. Argued June 27, 1893. Order reversed July 26, 1893. The facts are stated in the opinion.

*Henry M. Duffield,* for petitioner.

*Stevens & Merriam* and *D. N. Lowell,* for respondent.

MONTGOMERY, J. This is *certiorari* to Watson Beach, circuit judge, to review his decision refusing to make an order transferring the cause from St. Clair county to the county of Wayne for trial.

The showing for removal was complete. The findings of fact made by the circuit judge show that the circuit judge of St. Clair county is disqualified, and all the other facts entitling the petitioner to an order for removal. Under these circumstances it is the general

---

[1] See *Grostick v. Railroad Co.,* 96 Mich. 495, and note.

rule that the circuit judge has no discretion in the matter, but is required to make the order for removal. See *Grostick v. Railroad Co., ante*, 495, and cases there cited.

But it is contended by the defendant in *certiorari*, and the circuit judge so held, that Act No. 30, Laws of 1891, being an act to reorganize the sixteenth judicial circuit, should be given effect to suspend the operation of the general statute relating to transfer of causes depending in St. Clair county. It is urged that this statute provides a way in which parties having causes there depending may have them tried before a judge who is not disqualified, without a transfer, and that this is a remedy substituted in such cases for that furnished by the general statute, namely, a transfer of the cause. The provision of the statute imposing this duty upon the circuit judge of the sixteenth judicial circuit is as follows:

"It shall be the duty of the circuit judge of the sixteenth judicial circuit, as hereby reorganized, to aid and assist the judge of the said thirty-first judicial circuit in transacting the business of the last-named circuit so far as he can without detriment to the business of his own circuit, until January 1, A. D. 1894."

We do not think the general statute relating to transfer of causes was suspended by this provision. It will be observed that the judge of the sixteenth circuit was not at all events to sit in St. Clair county, but only when the business of his own circuit would permit him, and he was the judge of this. The statute does not purport, in terms, to give him the right to sit in St. Clair county for the *purpose* of hearing cases in which the resident judge is disqualified, but his authority is general; so that it cannot, we think, be said that the Legislature had in mind a substitute for the remedy by transfer, in imposing this duty upon the judge of the sixteenth circuit. Repeals or amendments by implication are not favored, and we think that there is no clear implication in the present case that

it was the legislative intent to suspend the general statute in St. Clair county. The order should have been made as prayed.

Since this case was pending in this Court another statute has been enacted by the Legislature, which was approved May 27, 1893. This statute is broader than Act No. 30, Laws of 1891, and purports to impose upon the circuit judge of the sixteenth circuit the duty of holding court in the thirty-first circuit whenever the judge of the latter court is disqualified. Section 3 of the act provides as follows:

"No cause shall be transferred or removed from either of said circuits on account of the disqualification of the judge thereof, except it be shown that the judges of both of said circuits are disqualified from sitting in said cause, or that they refuse or are unable to sit therein."

This act was given immediate effect.

It is the general rule that the rights of parties on appeal are to be determined by the *status* of the cause at the time the appeal is taken. We think that rule should not be departed from here. Section 3 of the act, we think, is prospective in its operation. It provides that no cause shall be transferred except it be shown that the judges of both of said circuits are disqualified from sitting in such cause. It is very clear that this provision is intended to relate to a showing *to be* made upon the application to transfer the cause, and not to one which *has already been made* to the proper authorities. The effect of the order in the present case, reversing the action of the circuit judge, would be to operate as a transfer of such cause from the date of the hearing of the application. We think this proceeding ought not to be arrested, and the petitioner remitted to his remedy by making a new showing on the application for a transfer of said cause, other and different from that which was required at the time his

96 MICH.—39.

application was properly made, containing all the statutory requisites.

The order of the circuit judge will be reversed, with costs against the estate.

The other Justices concurred.