CROWLEY, MILNER & CO. *v.* MACOMB CIRCUIT JUDGE.

1. JUDGES — DISQUALIFICATION OF JUDGE PREDICATED ON PUBLIC POLICY.

The rule disqualifying a judge, whether statutory or common law, is predicated upon public policy.

[1]Judges, 33 C. J. § 128; 15 R. C. L. 530; 3 R. C. L. Supp. 467; 4 R. C. L. Supp. 1000; 5 R. C. L. Supp. 842; 6 R. C. L. Supp. 921.

2. SAME—PREJUDICE OR BIAS IN FACT IS NECESSARY TO DISQUALIFY JUDGE.

>   If prejudice or bias is the reason alleged for disqualifying a judge, there must be prejudice or bias in fact, and it can never be based solely upon a decision in the due course of judicial proceedings.

3. VENUE—TRANSFER OF CAUSE TO ANOTHER CIRCUIT BECAUSE OF DISQUALIFICATION OF JUDGE—STATUTES.

>   3 Comp. Laws 1915, § 12342 *et seq.*, providing for the transfer of a cause from one circuit court to another when the judge is disqualified, should be construed to read "judges" where there are more than one judge, in view of 1 Comp. Laws 1915, § 64, providing that words importing the singular number only may extend to and embrace the plural number, and therefore transfer of a cause from the Wayne circuit court is not authorized unless all of the 14 judges are disqualified.

BIRD and McDONALD, JJ., dissenting.

Mandamus and prohibition by Crowley, Milner & Company and others to compel Neil E. Reid, circuit judge of Macomb county, to set aside an order for a change of venue, and to prohibit him from assuming jurisdiction. Submitted February 1, 1927. (Calendar No. 33,005.) Writs granted July 29, 1927. Rehearing denied October 3, 1927.

*Stevenson, Butzel, Eaman & Long, Trowbridge, Lewis & Watkins,* and *Harry Helfman (William L. Carpenter,* of counsel), for plaintiffs.

*Lucking, Hanlon, Lucking & Van Auken,* and *Lungerhausen, Weeks, Lungerhausen & Neale,* for defendant.

*S. Homer Ferguson, amicus curiæ.*

BIRD, J. (*dissenting*). Differences arose among the directors of Crowley, Milner & Company of Detroit after the death of Mr. Milner. Before that event the corporation was controlled by the deceased and the Crowleys. Mr. Emery, general manager of the com-

---

²Judges, 33 C. J. §§ 151, 156; ³Id., 33 C. J. § 129; Statutes, 36 Cyc. p. 1123; Venue, 40 Cyc. p. 131.

pany, purchased the Milner interest from his estate, and these shares, together with his own, gave him the control of the corporation. The question then arose in what capacity did Mr. Emery purchase the Milner shares? This led to much controversy. The respective contentions of the parties did not yield to compromise, and a bill was filed by the Crowleys praying, among other things, for a temporary injunction to enjoin Mr. Emery and his new board of directors from taking full control of the affairs of the corporation and from selling any of the stock so purchased from the Milner estate. A hearing was had before the Honorable Arthur Webster on the prayer for a temporary injunction, and the incidents of that hearing gave rise to this controversy. The differences which had arisen between the parties were gone into quite fully, and at the conclusion Judge Webster outlined his views at some length.

It is the claim of plaintiffs that, not only during the progress of the hearing, but in his opinion at the conclusion, Judge Webster manifested his prejudice and bias against the plaintiffs and their cause, and that he prejudged the merits of plaintiffs' main case, which were only incidentally involved in that hearing. It is further insisted that the bias and prejudice and the prejudgment were so marked that he was thereby disqualified from hearing the main case on the merits. But, notwithstanding the protests of plaintiffs to the presiding judge, Judge Webster was assigned to hear the case on the merits. Before the main case was reached, however, plaintiffs' attorneys made an application, under 3 Comp. Laws 1915, § 12342 *et seq.*, to the Honorable Neil E. Reid, circuit judge of Macomb county, for a transfer of said cause from the Wayne to the Macomb circuit court, on the grounds of bias and prejudice. Defendants appeared specially and objected to the jurisdiction of the Macomb circuit judge, and a motion in the nature of a demurrer was

filed to dismiss the application.   A hearing was had on this motion, and the question whether prejudice, bias, and prejudgment disqualified a circuit judge was the issue, with the addition of some questions of practice.    Judge Reid held with plaintiffs, and denied the motion to dismiss.    At this stage of affairs this court was appealed to by defendants, and it issued an order to Judge Reid to show cause why a mandamus and a writ of prohibition should not issue, thereby transferring the same issue to this court.

The defendants argue that bias and prejudice are neither common-law nor statutory grounds for a transfer of a case from one circuit to another in this State; that the causes for transfer depend entirely upon the statute, and that no authority can be found in the statute for transferring a cause on the ground of bias and prejudice.    The statute which authorizes a transfer follows:

"SECTION 3.    Whenever any civil suit or proceeding shall be pending in any circuit court in this State, either on the law or equity side of said court, in which the judge of said court shall be interested as a party, or as a member of any corporation which is a party to said suit, or has heretofore been consulted or employed as counsel in the subject-matter to be litigated in said suit, *or in which for any other reason he would be excluded from sitting as judge at the trial thereof,* the same may be transferred to some other circuit court in the manner hereinafter provided, or the judge of the circuit court in which such suit is pending may call in any other judge not disqualified to sit in such cause."

This statute recites specific causes which shall disqualify a judge, and then adds *"or in which for any other reason he would be excluded from sitting as judge at the trial."*    It would be difficult for the legislature to enumerate all the causes which might arise to disqualify a judge, especially those depending on questions of fact, therefore, it added a general clause

to afford the opportunity of disqualifying them for other reasons than those enumerated. Under this clause plaintiffs insist that they have a right to have the case transferred, if they are able to show that Judge Webster is affected with prejudice or bias. Counsel for defendants say:

"It is plain, we submit, that the phrase (§ 12342) in the statutes 'or in which for any other reason he would be excluded from sitting as a judge at the trial thereof' relates to statutory reasons and includes the reasons which are found in the preceding sections of the statutes hereinbefore immediately referred to."

The preceding statute (3 Comp. Laws 1897, § 10105) for which this statute was substituted did not contain the provision appearing in italics. There would be much force in defendants' argument under the preceding statute, but we cannot agree with the construction suggested under the present statute. The present statute includes certain causes of disqualification and makes the presumption conclusive that the judge is disqualified. Then it opens the way for the judge to be declared disqualified for any other reason which would exclude him from sitting in the particular case. This clause did not appear in the former statute which this statute displaced, and if we were to approve defendants' contention we would be saying in effect that the statute meant just the same after the injection of this clause as it did before. It is evident that the legislature added this clause for some purpose, and that purpose, as it appears to us, was to increase the number of causes of disqualification which might be assigned against a circuit judge.

We think this clause is broad enough to permit of an objection on the ground of bias and prejudice, if the bias and prejudice charged are of such a character as to impair his impartiality and sway his judgment. Bias and prejudice might, or might not, work

disqualification, depending upon the character of it. If it were of such a character as to prevent a fair and impartial trial, then the judge would be disqualified. , On the other hand, if it were not of such a character and nature as to prevent him from dealing fairly and impartially with the parties, he would not be disqualified.

The following authorities will show the trend of legal decisions on the question whether bias and prejudice are grounds for the disqualification of a judge in a given case:

"At the common law, as now administered in England and in the United States, bias or favor, not the result of interest or relationship, is not supposed to exist. The common law in this respect, however, has been modified in this country, both by statute and the rulings of the courts, and where a person performing the functions of a judge must decide questions of fact, his prejudice against either of the parties sufficient to disqualify him as a juror equally disqualifies him as a judge." 15 R. C. L. p. 530.

"In the absence of statutory provision, bias or prejudice on the part of a judge does not disqualify him. In many States, however, there now exist statutes which expressly make the bias or prejudice of a judge a ground of disqualification. But disqualifying a judge on the ground of prejudice is so liable to abuse that some States have refused to adopt it, and even where it has been adopted its liability to abuse induces the most rigid construction of its terms. A statute making the alleged prejudice of a judge a ground of disqualification is valid. Even where the disqualification, by reason of bias or prejudice, is not expressly mentioned, it has been held to be comprehended in such statutory expressions as 'otherwise disqualified to sit'; 'cannot properly preside'; 'otherwise unable'; and 'other disability'; and 'any legal cause'. Even where the judge's prejudice does not constitute a ground for disqualification, if the charge is made and the facts alleged indicate the existence of prejudice, the appellate court will carefully scrutinize the record

to see that no injustice has been done the complaining party." 23 Cyc. p. 582.

"At common law a judge might properly, of his own will, retire from the case on the ground of his bias or prejudice, it being discretionary with him to do so. While there are *dicta* to the effect that at common law a judge may be disqualified on the ground of bias or prejudice, it is generally held, in the absence of statutory provision, that bias or prejudice on the part of a judge, which is not based on interest, does not disqualify him. However, by force of constitutional or statutory provisions, his bias or prejudice may be the ground for his disqualification, in criminal as well as civil cases, and it is within the power of the legislature to enact such provision. Even where the disqualification by reason of bias or prejudice is not expressly mentioned, it has been held to be comprehended in such statutory expressions of 'otherwise disqualified to sit'; 'cannot properly preside'; 'for any reason be unable or disqualified to perform the duties of his office'; 'otherwise unable'; and 'other disability'; and 'any legal cause'." 33 C. J. p. 998.

"The words 'otherwise unable', and 'other disability', when applied to the subject-matter of the statutes, are broad enough to include the case of a justice who, for any reason, does not stand indifferent in the cause. *Conscious bias or prejudice in favor of one of the parties,* or against the other, caused by hearing an *ex parte* statement of the facts of the case, *is an inability or disability to try the case, within the just meaning of the statutes.* And if these words had not been inserted in the statutes, we should have had no doubt that the standing justice did right in this case, and that the special justice was authorized to try the cause. *It was not necessary that the statutes should enumerate all the disqualifications of the standing justice. The rules of the common law and the principles of natural justice are to be applied in the construction of these statutes." Williams* v. *Robinson,* 6 Cush. (Mass.) 333, 335.

But it is urged that if Judge Webster is disqualified, he ought to have been given notice of the objection, and thereby given opportunity to exercise his privilege

to retire and call in another judge, under the rule laid down in *Consumers Power Co.* v. *Iosco Circuit Judge,* 210 Mich. 572. The record shows that a protest was made to the presiding judge. Judge Webster was advised *in his own courtroom* that plaintiffs claimed he was disqualified. This gave him an ample opportunity to withdraw and invite in another judge. In view of Judge Webster's statement that he intended to try the case if he were not disqualified renders this contention of very little moment.

On this record it is admitted by the pleadings that Judge Webster was disqualified on the grounds of bias and prejudice to hear the case. The record further shows that plaintiffs' attorneys suggested orally and in writing to the presiding judge of the Wayne circuit that they would be willing to accept any of the 14 judges except Judge Webster. They requested that he be not assigned to hear the case, but their protests and suggestions were not heeded and Judge Webster was assigned to hear the case. Plaintiffs' attorneys then applied to Judge Reid of Macomb county for a change of venue. It is not clear what more the attorneys for plaintiffs could have done to have the case heard in Wayne county.

The transfer act was passed when the circuits had but one judge. Since many of them now have two or more judges, it is reasonable to suppose that application should be made to another judge in that circuit, if one judge was objectionable, but for some reason this change has not found expression in the legislative acts. The present transfer act is contained in the judicature act and it prescribes that application is to be made to the judge of an adjoining circuit. The case of *Grostick* v. *Railroad Co.,* 96 Mich. 495; *In re Sanborn's Estate,* 96 Mich. 606; and *Pack* v. *Alcona Circuit Judge,* 74 Mich. 33, are cited as authority for the contention that the transfer statute was not

affected by providing more than one judge for a circuit.

No statute or local rule has been called to our attention which would affect the transfer act in counties having more than one circuit judge.

The order of respondent denying defendants' motion and holding that he had jurisdiction to hear the application should be affirmed.

McDONALD, J., concurred with BIRD, J.

WIEST, J. I think plaintiffs entitled to the writ of prohibition. Judge Webster is not disqualified, and, if he were, defendant circuit judge would have no jurisdiction in the premises. The rule disqualifying a judge, whether statutory or common law, is predicated upon public policy, and, if prejudice or bias is the reason alleged, there must be prejudice or bias in fact. Such prejudice or bias can never be based solely upon a decision in the due course of judicial proceedings. This is well illustrated in *State, ex rel. Timothy,* v. *Howse,* 134 Tenn. 67, 75 (183 S. W. 510). The court there stated:

"The appellant next contends that the court erred in refusing to sustain his motion that the trial judge order a transfer of the case to be tried before another judge on interchange, on the ground that the circuit judge had prejudged the case when the case was before him on the motion to suspend appellant from office.

"The fact that Judge Matthews, of the circuit court, heard the application, and suspended Howse, in no sense disqualified him to sit in the trial on the merits. The trial on the application to suspend was in this case (132 Tenn. 452 [178 S. W. 1112]) likened to interlocutory orders passed by a chancellor in an ordinary equity proceeding, and the circuit judge is no more disqualified by hearing such an application than is a chancellor who, when an application for extraordinary process, such as an injunction, is heard

by him at chambers, grants the same, and the case comes on later to be heard on the merits."

Else such be the rule any dissatisfied party, upon a hearing for a temporary injunction, temporary receiver, or other interlocutory matter, can assert prejudice or bias and recuse the judge.

In *Tuttle* v. *Tuttle,* 48 N. D. 10, 27 (181 N. W. 898), it was contended:

"That Mr. Justice Robinson, who sat as a member of the court upon the hearing on the appeal and joined in the former decision, was disqualified, and should not have participated in the hearing or determination of the case.    *    *    *

"On November 29, 1920, the appellant filed a written petition wherein attention was called to the following statement contained in the opinion prepared by Mr. Justice Robinson in *Tuttle* v. *Tuttle,* 46 N. D. 79 (181 N. W. 888):

" 'It is shown that in January, 1918, defendant commenced an action against the plaintiff in the district court of Kidder county to recover about $480,000 ($300,000, with interest from January, 1909). The basis of the action is that in the divorce suit she should have recovered at least $300,000. Such an action, in the opinion of the writer, taken in connection with the proceedings in this case, gives to the whole a color of blackmail. It shows an attempt to extort money from the plaintiff, to force him to buy his peace by harassing him with vexatious, groundless, and expensive litigation. The judgment in the case was given after a full and fair hearing. It imports absolute validity and verity. It is not subject to a collateral attack, nor is the plaintiff, in the opinion of the writer, subject to a suit for obtaining the judgment. Hence, no party has a right to commence or prosecute such an action.'

"And it was contended that this evidenced such bias and prejudice on the part of Mr. Justice Robinson in favor of the respondent and against the appellant as to disqualify him from sitting in the case."

The court stated (p. 31):

"There was, and is, no contention that Justice Robinson had even the remotest interest in the lawsuit, or that he was related to or even acquainted with the

parties. The mere fact that a judge entertains, or even has expressed, an opinion upon some question of law, does not disqualify him on the ground of bias or prejudice. If it did, then a trial judge ought not to sit on the hearing of a motion for a new trial based upon errors of law committed during the course of the trial, and the members of this court ought not to sit in the consideration of petitions for rehearings or upon rearguments of causes. 'There is no rule nor principle,' said the supreme court of Vermont (*Martin* v. *Curtis*, 68 Vt. 397 [35 Atl. 334]), 'that disqualifies the judge of the court from sitting in different causes in which the same legal rules and questions of fact, or either of them, are presented for consideration. In many instances, causes involving the same questions are tried by the same judges.' "

The writ must issue for the reason that the judge of the Macomb circuit has no jurisdiction in the premises. In the Wayne circuit there are 14 judges, and, unless all are disqualified, application may not be made to the judge of another circuit for the transfer of a cause pending in the Wayne circuit. It is true that the statute, cited by Mr. Justice BIRD, and relied on by defendant, speaks of suits in which the *judge* for any reason would be excluded from sitting at the trial. But suppose the statute read *judges* instead of judge. Then what? Would not the *judges* have to be disqualified in order to send the question of transfer to the judge of another circuit? Certainly. The statute may and ought to be so read. While the statute speaks in the singular number, the plural is also included by virtue of a general statute to be employed in the construction of all statutes in this State. We refer to 1 Comp. Laws 1915, § 64, which provides:

"Every word importing the singular number only, may extend to and embrace the plural number."
* * *

This statute is for use and has been employed to

avert ridiculous situations. *Smith* v. *Carlow*, 114 Mich. 67; *Schulz* v. *Brohl*, 116 Mich. 603. The statute invoked by defendant must be construed as not giving the Macomb circuit judge power to act thereunder unless the *judges* of the Wayne circuit are all disqualified. Of course, no such claim is made. The case of *Grostick* v. *Railroad Co.*, 96 Mich. 495, is not analogous.

SHARPE, C. J., and SNOW, STEERE, FELLOWS, and CLARK, JJ., concurred with WIEST, J.