KOLOWICH *v.* FERGUSON.

1. JUDGES—DISQUALIFICATION—PREJUDICE—BIAS.
    Prejudice or bias, in order to disqualify a judge must be present in fact and can never be based upon his decision in due course of judicial proceedings.

2. SAME—CHANGE OF JUDGE.
    A change of judge is an unjustifiable wrong to the public where the trial judge states he can accord a fair trial, unless fact of prejudice or bias is established or necessities of justice to defendant require it.

3. SAME—CRIMINAL LAW—NEW TRIAL.
   Duty of trial judge in criminal case in ruling on admissibility of
   evidence and instructing jury on new trial may be performed
   fairly even though he holds opinion that defendant is guilty.

4. SAME—DISQUALIFICATION—NEW TRIAL.
   Trial judge who expressed belief in guilt of defendant and '
   severely lectured him when passing former sentence *held*,
   not disqualified to preside at new trial.

Mandamus by George J. Kolowich to compel
Homer Ferguson, Wayne circuit judge, to reassign
a criminal proceeding against plaintiff herein to another judge. Submitted October 17, .1933. (Calendar No. 37,441.) Writ denied November 10, 1933.

*Payne & Payne* (*Albert McClatchey,* of counsel),
for plaintiff.

*Edmund E. Shepherd* (*Chester P. O'Hara,* of
counsel), for defendant.

WIEST, J. Plaintiff asserts that defendant circuit
judge is disqualified to preside at his pending retrial on a criminal charge and seeks our writ of
mandamus directing that the trial be had before
some other judge. The alleged disqualification is
based upon remarks by the judge in passing sentence
upon plaintiff herein under his former conviction.
That conviction was reversed and a new trial
ordered. *People* v. *Kolowich,* 262 Mich. 137. In
passing sentence the judge took occasion to reply
to petitions presented in behalf of Mr. Kolowich invoking judicial clemency on the ground that his acts
were without felonious intent. The judge expressed
belief in the guilt of Mr. Kolowich, inclusive of his
felonious intent, and because of his former standing lectured him severely.

We said in *Crowley, Milner & Co.* v. *Macomb Circuit Judge,* 239 Mich. 605, quoting syllabus:

"If prejudice or bias is the reason alleged for disqualifying a judge, there must be prejudice or bias in fact, and it can never be based solely upon a decision in the due course of judicial proceedings."

We accept the statement of the circuit judge that he has no bias or prejudice and can accord defendant a fair trial. Unless the fact of prejudice or bias is established or the necessities of justice to the defendant require it, a change of judge is an unjustifiable wrong to the public for it works delay, entails expense, and endangers the prosecution.

In *Re McHugh,* 152 Mich. 505, 510, it was said:

"The only reason offered for such disqualification was that the judge had criticized a jury in a former trial for acquitting the respondent in that case on the ground of insanity. The respondents asserted that their defense in this case was insanity, and therefore the judge was disqualified. If this be so, then any judge, who, under the circumstances of one case, condemns the verdict of a jury, rendered on account of insanity, is disqualified forever thereafter from trying a case where insanity may be the defense. The motion itself was little short of contempt of court."

In *Heflin* v. *State,* 88 Ga. 151 (14 S. E. 112, 30 Am. St. Rep. 147), it was said:

"There is certainly no law which renders it a disqualification *per se* to try an indictment for perjury, that the judge is the same who presided at the trial in which the alleged perjury was committed, and also at the trial of another witness who testified in the first case. It can make no difference that the judge had thus become convinced of Heflin's guilt, because the opinion of the presiding judge as to the

guilt or innocence of the prisoner, however that opinion may have been formed, does not unfit him for discharging his judicial duties with the most complete fairness and impartiality. These duties are exactly the same whether the accused is guilty or innocent, and upon that question the judge has no deciding power and is not permitted to intimate to the jury his opinion. That all his functions may be duly exercised irrespective of his own opinions is taken by the law for true; this is shown by the fact that he is required to hear all the evidence as it is delivered to the jury, and after so doing, to instruct the jury upon the law applicable to the same. It could hardly be expected that from hearing all the evidence he would not form some opinion of his own as to the actual guilt or innocence of the person on trial, but the law cares not for this, and is not so absurd as to make it work a disqualification to preside throughout the trial. If he can hear the evidence once without disqualifying himself, we see not why he may not do so twice or thrice.''

In *State* v. *Tawney,* 81 Kan. 162 (105 Pac. 218, 135 Am. St. Rep. 355), it was held, quoting syllabus:

"The fact that the court, in approving a verdict and pronouncing sentence at a former trial of defendant upon the same charge, expressed an opinion of defendant's guilt, does not of itself indicate prejudice.''

In that case it was alleged the court had expressed the opinion that the defendant was guilty of the crime charged against him. The trial judge stated:

"That is absolutely true. I did think so, and I told him so when I sentenced him. If I had not thought so, I would not have sentenced him.''

In *State* v. *Kagi,* 105 Kan. 536 (185 Pac. 62), it was stated:

"The fact that the judge may believe the accused guilty of the crime charged is not sufficient to show

prejudice, for two reasons: he is not the trier of the facts; and his legal training and experience enable him to pass upon the admissibility of evidence and to give the proper instructions regardless of his own belief as to the guilt or innocence of the accused.''

In *State* v. *Cole,* 136 Kan. 381 (15 Pac. [2d] 452), it was said:

''The question is not whether the trial court believes the defendant guilty, but whether he can give him a fair trial. The court does not weigh the evidence. It is the duty of the court to rule on the admissibility of evidence and to instruct the jury. He can do this fairly even though he does think the defendant guilty. It is only when such prejudice is shown as prevents the trial court from performing these duties fairly that the defendant is entitled to a change of judges. It is the duty of the trial judge when challenged in this manner to search his conscience as to this condition. The ruling of the court on that question of fact will not be disturbed unless there is other evidence of prejudice which overcomes the finding of the court.''

It was said in *State* v. *Bohan,* 19 Kan. 28, 52:

''The law provides, that 'when the defendant appears for judgment he must be informed by the court of the verdict of the jury, and asked whether he has any legal cause to show why judgment should not be pronounced against him;' and in answer to the inquiry last stated, the defendant often replies that he is innocent, and has been wrongfully convicted. In answer, the trial judge frequently comments upon the trial, the manner the party has been defended, and the evidence introduced in the case, and frequently remarks very similar to those stated by the trial judge to have been spoken by him on the occasion of the first sentence of the appellant, are made use of. We are aware of no authorities

which go to the extent that statements, thus made, amount to prejudice or ill-will. To thus hold in this case, would lead to absurd consequences."

In that case it was alleged that the trial judge lectured the defendant at the time of sentence and stated that he was guilty of the offense of which he had been convicted, and—

" 'that he had committed a willful, deliberate, and malicious murder; that there was no excuse or justification; * * * that if the verdict had been in the first degree, he would have sustained it.' "

The writ is denied.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. McDONALD, C. J., did not sit.