PEOPLE *v.* MEXICOTT.

1. Judges—Disqualification—Prejudice—New Trial—Record.
    Record on appeal from order denying change of venue on new trial in prosecution for taking indecent liberties with a 13-year old girl or, in the alternative, assignment of the case for hearing by another circuit judge because of remarks of presiding judge *held,* without basis for assumption that defendant would not receive a fair and impartial trial before the circuit court in which he was tried, where trial judge denied any prejudice and explained his attitude at length in colloquy with counsel, the case being controlled by *Kolowich* v. *Ferguson,* 264 Mich. 668.

2. Criminal Law—Prejudice of Trial Judges—New Trial.
    Defendant who feels he did not receive a fair trial upon second trial because of prejudice on part of trial judge who had tried case the first time may assert his rights under statutes relative to new trial and review of criminal cases by Supreme Court (3 Comp. Laws 1929, §§ 17355, 17357).

Appeal from Washtenaw; Sample (George W.), J. Submitted April 25, 1939. (Calendar No. 40,328.) Decided June 5, 1939.

Thomas Mexicott was convicted of taking indecent liberties. New trial granted. Motion by defendant for change of venue or assignment for hearing by another judge. Motion denied. Defendant appeals. Affirmed.

*Clyde D. Underwood* and *Charles S. Matthews,* for appellant.

*Thomas Read,* Attorney General, *Albert J. Rapp,* Prosecuting Attorney, and *Franklin C. Forsythe,* Assistant Prosecuting Attorney, for the people.

Bushnell, J. Leave was granted to appeal from an order denying defendant's motion for either a change of venue or trial before another judge. A jury found defendant guilty of taking indecent liberties with a person of a female child under the age of 16. The jury recommended leniency and the circuit judge, before pronouncing sentence, made the following statement:

"Of course, this court in passing sentence, feels a responsibility as I know the other officers of the county and even defense counsel feels in this case, because of the age of the young man, and on the other hand, the fact that there was such a variation between the age of the girl, only 13 years old, and the victim of his attack. While there was no question of any rape being committed in this county, nevertheless the fact that the act was started in this county and actual rape was committed on this child in an adjoining county where they don't seem to recognize their responsibility in such matters, at least in this case they don't, so I felt to some extent

the double-feature of the law must be applied in this case. That is, the punishment for what he has done must become a terror to others who are contemplating it, by reason of the sentence that the court now gives the defendant. And, secondly, his own punishment for this act. The highways and byways have to be made safe for women and children, as well as men, who attend to their own business, and children of this age who commit errors must not be taken advantage of in this county while I am judge. I confess that one of the things that impels the court at this time to give a less sentence, almost by half, than the court would have otherwise, is the fact that there are a number of people of good repute where this young chap lives, who have written the court about extending leniency and I have thought it over and thought it over, until I have decided to almost cut the sentence that I originally intended this man to have, in two. I believe the maximum in this case is 10 years?

*"Mr. Rapp:* That's correct.

*"The Court:* Of course, if he were arrested for the real act that he committed and sentenced, he would be sentenced for life, but the court feels that a sentence of 5 to 10 years in the southern Michigan prison at Jackson, 5 years being recommended, will satisfy the law in this case, and so orders the sentence to be 5 to 10 years; recommending 5."

Thereafter defendant filed a motion for new trial. When this motion was argued. the trial judge made the following observation:

"I will take this case under advisement and write a decision on this motion. I am almost of the hope that I may be able .to grant a new trial, because I certainly didn't give him a sufficient sentence. Notwithstanding the fact that what this young man accomplished, the county of Wayne seems to be doing nothing about the fact that rape was committed within its borders on a 13-year-old child. I

don't call her a girl; she is a child. I think the case was tried as fairly as cases usually are. There is more or less zeal on the part of attorneys in any case and it probably reaches its climax in a criminal case. I have no criticism of either counsel. I think with one exception Mr. Rapp kept pretty well within bounds, and I think I cured that with the jury. I know it was during the more or less heated part of the trial and it wasn't intended to operate as an unusual circumstance against the defendant, even by Mr. Rapp. But those things have to be taken into consideration, what an attorney may do in his zeal, and zeal is a proper thing. But I am ashamed of myself about the sentence, terribly ashamed, to think that I didn't insist on the very maximum penalty being paid. So it may be, with that feeling of half-way administering the law in this case, it might be corrected if a new trial is granted. So far as the venue is concerned, I think that the venue is fixed on Washtenaw avenue near the city of Ann Arbor, and crossing over the bridge in the city of Ypsilanti, both of which places are within the jurisdiction. I was rather careful of that. But it would be a queer situation in the law if a man would take a child and take her beyond the limits of a county and commit rape on her and you wouldn't be able to show the situation; when you come to the edge of your county, you must stop. That surely cannot be the law. I think I am not going to order a new trial now, but I am hoping that I may. I won't do it unless I feel like there has been error committed. It isn't an error that I gave 5 years instead of 10, but that would go a long ways as the moving cause, the fact that I did not give a sentence at all commensurate with the crime. Children are going to be protected against everyone—that is, little girls 13 years of age—in our county, whether they thumb their way or how; whether they have had to do with other men or not. I am very glad to have the active cooperation of the prosecutor, as I always have, in that class of case. They seem to appeal to him as they appeal

to me. They don't seem to appeal to the authorities of Wayne county."

The motion for new trial was granted on May 26, 1938. On September 8th, defendant made a motion for either a change of venue or the assignment of the case to another circuit judge. This motion was based upon the remarks of the court which have heretofore been quoted.

The motion was heard on September 19th and later denied. The record contains a colloquy between court and counsel, which contains the trial judge's denial of prejudice and his explanation of his attitude. This is not quoted because of its length.

The sole question argued on appeal is whether or not the court erred in denying defendant's motion.

The trial judge stated on the record:

"I might call in another Judge to hear it. I will do as I think best when the time comes."

There is nothing in the record to permit the assumption that defendant cannot receive a fair and impartial trial before the circuit court of Washtenaw county. In event of conviction, if the defendant feels he did not receive a fair trial, his rights may be asserted under the proper statutes. See 3 Comp. Laws 1929, §§ 17355, 17357 (Stat. Ann. §§ 28.1098, 28.1100).

The situation disclosed by this record is controlled by *Kolowich* v. *Ferguson,* 264 Mich. 668.

The order of the circuit court is affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.