PEOPLE v. MORAN

PEOPLE v. SIMMONS

PEOPLE v. HANES

1. CRIMINAL LAW—MISTRIAL—PREJUDICE.

A police officer-witness's walking into the jury room with exhibits while the jury was deliberating did not necessitate the granting of a mistrial where the evidentiary hearing held on this incident did not establish that anything prejudicial to the defendants' rights occurred.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 234 et seq.
[2] 21 Am Jur 2d, Criminal Law § 442 et seq.
41 Am Jur 2d, Indictments and Informations §§ 232 et seq.; 277 et seq.
[3] 40 Am Jur 2d, Homicide § 290.
[4] 21 Am Jur 2d, Criminal Law § 234 et seq.
Disqualification of judge for bias against counsel for litigant. 23 ALR3d 1416.
[5] 58 Am Jur, Witnesses § 379.
Effect of divorce or annulment on competency of one former spouse as witness against other in criminal prosecution. 38 ALR2d 570.

2. INDICTMENT AND INFORMATION—QUASHING INFORMATION—PRELIM-
INARY EXAMINATION—INACCURATE RECORDING.

A trial court's refusal to quash an information because testimony
at the preliminary examination was inaccurately recorded by
the electronic recording equipment is not error.

3. HOMICIDE—MURDER BY CODEFENDANT—COMPLICITY.

Defendant was entitled to a directed verdict of acquittal on a
murder charge where the uncontroverted evidence established
that defendant was in police custody prior to the commission
of the murder by defendant's codefendant.

4. JUDGES—DISQUALIFICATION—ACTUAL PREJUDICE.

A judge may be disqualified only for prejudice or bias actually
shown.

5. HUSBAND AND WIFE—CRIMINAL LAW—EVIDENCE—SPOUSE TESTI-
FYING—PRIVILEGE.

The ex-husband of a defendant may testify where the parties
were divorced prior to trial and the testimony did not relate
to any communications between the parties during their mar-
riage.

Appeal from Genesee, Donald R. Freeman, J.
Submitted Division 2 October 7, 1971, at Lansing.
(Docket Nos. 8423, 8509, 8510, 11008, 11009.) De-
cided November 22, 1971.

John Moran, Orvel Simmons, and Constance
Hanes were convicted of two charges of first-degree
murder, assault with intent to murder, and robbery
armed. Defendants appealed separately and the
appeals were consolidated. Reversed as to one of
the murder convictions as to defendant Moran; af-
firmed as to all defendants as to all other convic-
tions.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Robert F. Leonard,*
Prosecuting Attorney, and *Donald A. Kuebler,* Chief
Assistant Prosecuting Attorney, for the people.

*Lyndon Lattie,* for defendant Moran on appeal.

*James Lang,* for defendant Simmons on appeal.

*Earl S. Clark,* for defendant Hanes on appeal.

Before: QUINN, P. J., and DANHOF and TARGON-SKI,* JJ.

QUINN, P. J. Following a joint trial, defendants were convicted by a jury of two charges of first-degree murder, assault with intent to murder, and robbery armed. They were sentenced and each defendant appealed separately. The appeals were consolidated for submission and disposition.

Late in the evening of January 4, 1969, defendants entered a bar in Flint where they encountered the husband of defendant Hanes. Defendants threatened and beat James Hanes. With gun drawn, defendant Simmons took money from the cash register. Officer Fritcher appeared at the front door of the bar and Officer Johnson appeared at the rear door. Both were shot at by defendants Moran and Simmons; Johnson was shot in the hand and Fritcher was mortally wounded.

Defendants fled through the front door but Moran was soon apprehended. Shortly after Moran was taken into custody, there was further gunfire in the area which occurred when Simmons shot and killed one Terrance Jones.

The appeals raise a multitude of issues, several of which are not properly before us. Issues raised by defendants Hanes and Moran respecting instructions are precluded from consideration for lack of objection below, GCR 1963, 516.2. For failure to

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

object to the alleged improper argument of the prosecuting attorney, we do not consider Moran's issue on this point, *People* v. *Rosborough* (1970), 22 Mich App 410. Moran's issue on the weight of the evidence was not preserved by motion for new trial, *People* v. *Mattison* (1970), 26 Mich App 453. The record does not establish a miscarriage of justice arising from the alleged errors which we do not consider.

Defendants Hanes and Simmons claim error in the trial court's denial of their motion for mistrial because a police officer witness entered the jury room with exhibits while the jury was deliberating. The testimonial hearing conducted by the trial court when apprised of this incident does not establish that anything prejudicial to the rights of the defendants occurred. We do not reverse a denial of mistrial unless prejudice is affirmatively shown, *People* v. *Qualls* (1968), 9 Mich App 689.

Defendants Hanes and Simmons assert error in the trial court's refusal to quash the information because the recording equipment at preliminary examination failed accurately to record testimony. *People* v. *Cash* (1970), 28 Mich App 1, is *contra* and controls.

Defendant Moran claims it was reversible error for the trial court to deny his motion for directed verdict of acquittal on the murder of Terrance Jones. The motion was based on the fact that uncontradicted testimony of police officers placed Moran in police custody prior to the Jones killing. We agree with defendant. There was no proof to sustain the charge, *People* v. *Hansen* (1962), 368 Mich 344. The reliance of the trial court and the people on *People* v. *Podolski* (1952), 332 Mich 508, is misplaced. *Podolski* is factually inapposite. Podolski was at the scene and under no restraint,

and there was no intervening cause in the chain of events.

Defendant Simmons alleges reversible error occurred when the district judge failed to disqualify himself from conducting the preliminary examination. Simmons moved for the disqualification on the ground that as an assistant prosecuting attorney, the district judge had prosecuted defendant on another charge. Prejudice or bias in fact must be shown to warrant disqualification, *Kolowich* v. *Ferguson* (1933), 264 Mich 668. No such showing appears on this record. The error relied on is not established, nor is the alleged bias and prejudice of the trial judge established.

The issue defendant Simmons raises with respect to sentence is so insubstantial it merits no discussion.

Defendant Hanes claims the trial court erred reversibly when it denied her request for a separate trial because her husband was an expected prosecution witness. The claim is specious. The parties were divorced prior to trial, and the husband's testimony did not relate to any communication between the parties during marriage. MCLA § 600.2162 (Stat Ann 1962 Rev § 27A.2162) is not applicable.

Affirmed except as to Moran's conviction for the murder of Terrance Jones, which is reversed.

All concurred.