PEOPLE v IRWIN

1. JUDGES—DISQUALIFICATION—ACTUAL PREJUDICE.

   A trial judge has the right to hear a case to its conclusion absent a showing of actual prejudice or bias from the record.

2. JUDGES—DISQUALIFICATION—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

   Absent a showing of actual bias, prejudice, or misconduct on the record, a trial judge who accepts a defendant's guilty plea and thereafter permits a withdrawal of that plea is not disqualified from presiding at the defendant's subsequent trial and does not deprive the defendant of his statutory right to waive a trial by jury.

3. INDICTMENT AND INFORMATION—RES GESTAE WITNESSES—INDORSE-MENT—ACCOMPLICES—PRECEDENT.

   The Michigan Supreme Court has held that the prosecution is not obligated to indorse the name of accomplices on the information, and the Court of Appeals sitting as an intermediate appellate court is bound by this case law (MCLA 767.40).

Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 January 3, 1973, at Detroit. (Docket No. 14050.) Decided March 2, 1973. Opinion on rehearing filed May 25, 1973. Leave to appeal denied, 390 Mich —.

Ronald K. Irwin was convicted of first-degree murder. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 46 Am Jur 2d, Judges §§ 166 et seq.
[2] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[3] 21 Am Jur 2d, Criminal Law § 127.
41 Am Jur 2d, Indictments and Informations §§ 156, 157.

Chief, Appellate Department, and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Allan C. Miller,* Assistant State Appellate Defender, for defendant.

Before: V. J. Brennan, P. J., and T. M. Burns and Adams,* JJ.

On Rehearing

Per Curiam. Defendant was found guilty by a jury of first-degree murder pursuant to MCLA 750.316; MSA 28.548. He was sentenced to life imprisonment and appeals. Since the issues raised by the defendant center on procedural aspects of the trial, a detailed recital of the facts surrounding the crime is unnecessary.

1. *Does a trial judge who accepts a plea of guilty and thereafter permits a withdrawal of that plea become by reason of taking of the initial guilty plea disqualified from presiding at the defendant's subsequent trial and effectively deprive the defendant of his statutory right to waive a trial by jury?*

It has long been the law in this jurisdiction that absent a showing of actual prejudice or bias from the record, a trial judge has the right to hear a case to its conclusion. *People v Lincourt,* 221 Mich 674 (1923); *Kolowich v Ferguson,* 264 Mich 668 (1933); *People v Moran,* 36 Mich App 730 (1971).

In the case at bar defendant has failed to pinpoint in the record any specific instance of misconduct on the part of the trial judge which would indicate that the latter was either prejudiced or biased against the defendant. Moreover, after a

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

thorough and careful review of the record herein, we cannot find a trace of evidence to support the defendant's allegation. It is our opinion that the trial judge conducted the defendant's trial fairly and impartially. Any conclusion otherwise would rest upon mere conjecture and would be contrary to the authorities cited above.

We hold, therefore, that absent a showing of actual bias, prejudice or misconduct on the record, a trial judge who accepts a defendant's guilty plea and thereafter permits a withdrawal of that plea is not disqualified from presiding at the defendant's subsequent trial and does not deprive the defendant of his statutory right to waive a trial by jury.

2. *Did the prosecution reversibly err by failing to indorse and call three res gestae witnesses who were accomplices?*

Defendant makes a strong argument to the effect that since MCLA 767.40; MSA 28.980 requires the prosecution to indorse all known witnesses on the information in order to insure that all of the res gestae is brought out to protect the accused against the suppression of favorable testimony, case law which carved out the accomplice exception to the indorsement requirement is both illogical and prejudicial to an accused. Defendant urges us to strike down the accomplice exception. It is not unlikely that the rule should be reexamined. However, this Court sitting as an intermediate appellate court is bound by the case law promulgated by the Michigan Supreme Court which has held that the prosecution is not obligated to indorse the names of accomplices in the information. *People v Resh,* 107 Mich 251 (1895); *People v Raider,* 256 Mich 131 (1931).

Accordingly, we must hold that the prosecution did not reversibly err by failing to indorse and call three res gestae witnesses who were accomplices.

Affirmed.