PEOPLE v RAYFORD JOHNSON

PEOPLE v LOVE

1. CRIMINAL LAW—WITNESSES—ACCOMPLICES—CREDIBILITY—JURY QUESTION.

> The credibility of an accomplice, like that of any other witness, is exclusively a question for the jury; and it is well settled that a jury may convict on such testimony alone without confirmation.

2. CRIMINAL LAW—CREDIBILITY—JURY QUESTION—NEW TRIAL—APPEAL AND ERROR.

> Determination of the factual question of credibility of witnesses is a function for the jury, not the trial court on motion for a new trial, and where there was testimony which if believed by the jury warranted a finding of guilt beyond a reasonable doubt, the Court of Appeals cannot reverse on this ground.

Original action in the Court of Appeals. Submitted Division 1 January 9, 1974, at Detroit. (Docket Nos. 16482–16483.) Decided March 28, 1974. Reversed and remanded for new trial, 391 Mich 834.

Rayford Johnson and Cicero Love were convicted of first-degree murder. Defendants' motion for a new trial was granted. The people's delayed application for leave to appeal or, in the alternative, complaint for an order of superintending control treated as a complaint for superintending control. Order granting new trial reversed.

*William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Edward R. Wilson,* Assistant Prosecuting Attorney, for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 118.
[2] 58 Am Jur, Witnesses § 860 *et seq.*

*Alphonso R. Harper,* for Recorder's Court Judge.

*William B. Daniel,* for defendant Johnson.

Before: McGregor, P. J., and J. H. Gillis and O'Hara,* JJ.

O'Hara, J. To reconcile the irreconcilable, to attempt to equate the mutually exclusive, is the unending challenge of the judicial process.

This is not all the doing of the courts. The Legislature enacts statutes. The courts create binding case precedents. At times they collide. One must give way to the other or the courts must find a method of accommodation. Such is the situation in the case at bar.

The Legislature enacted a statute. With irrelevancies omitted it reads:

"The court in which the trial of any indictment shall be had may grant a new trial to the defendant * * * when it shall appear to the court that justice has not been done, * * * ." MCLA 770.1; MSA 28.1098.

The trial judge's charge to the jury was based on established and approved legal principles. We quote from the charge. (The excerpts are not necessarily *seriatim.)*

*"The judge cannot interfere with you in your function in determining who is telling the truth, what in fact did happen; * * * .*

* * *

"You and you alone are the sole judges of the credibility of the witnesses and of the weight which is to be given to their testimony, and you are not to be guided or influenced in any manner in forming your opinion as

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

to the guilt or innocence of the defendant by anything outside of the testimony in this case.

* * *

"The jurors, as I said before, are the only finders of the fact. The judges, and especially myself, will express no position whatsoever with regard to the guilt or the innocence of either of these two defendants. And if you as jurors believe that anything I shall say in the course of this charge expresses or is intended to express an opinion in that connection, I repeat, you could not be more mistaken.

* * *

"You are the sole judges of the testimony. You are the sole judges of the *truth* of the testimony. You are the sole judges of the facts in the case.

* * *

"Now I want to turn to what is perhaps your most difficult task as jurors, and that is the determination of who is telling the truth and who is not telling the truth —the decision as to who you shall believe and who you shall not believe. Because this case, like so many cases that we have, really boils down to who is lying and who is not lying.

"If you accept the testimony of one group of witnesses, I don't think you will have too much difficulty in concluding beyond a reasonable doubt that the defendants are guilty as charged. On the other hand, if you accept the testimony of another group of witnesses, I don't think you will have too much difficulty in concluding beyond a reasonable doubt that the defendants and each defendant is not guilty.

"What really is involved, then, is what we mean by the credibility of the witness. You are the sole judges of the credibility of the witnesses, and of the weight that you will give to their testimony.

* * *

"The testimony of one who expects a gain or advantage or reward for testifying, I repeat, is to be received by you with caution, especially if such a witness was charged with an offense possibly arising from the same transaction.

*"Testimony from one who because of fear of prosecution or in order to obtain immunity or more favorable treatment from the state, such testimony may be considered to be not entirely trustworthy, because he has so much to gain by giving testimony favorable to the state. Thus, you must carefully scrutinize and receive with caution, testimony from such a witness."* (Emphasis supplied.)

The jury found both defendants guilty of first-degree murder. MCLA 750.316; MSA 28.548. It is more than fair to say that some of the testimony most damaging to them was by one who was involved in the affray but who for whatever reason was not prosecuted with them.

After verdict the defendants moved for a new trial on several grounds and thus addressed the court:

*"Mr. Daniel [defense counsel]:* The authority under which we proceed is Michigan Compiled Laws, 770.1, which states as follows:

" 'The court in which the trial of any indictment shall be had may grant a new trial to the defendant, for any cause for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done and on such terms or conditions as the court shall direct.' "

The trial judge granted the motion. We quote from his very extensive and obviously thoughtful and soul-searching opinion:

"I don't hesitate to say that had I tried this case without a jury I could not, consistent with my oath as a judge, have concluded that either one of these defendants was guilty beyond a reasonable doubt.

\* \* \*

"The principal evidence in this case was given by an admitted informer, who was in effect bribed by good treatment essentially as outlined by Attorney Daniel in

his argument of the motion, and who because of that situation was a suspect witness. Given that situation, the law is clear, and we instructed the jury, that they should examine his testimony very critically and they should also ascertain to what extent his testimony is corroborated.

\* \* \*

*"However, I still have to decide whether or not I'm justified in this case in substituting my judgment for the judgment of the 12 jurors who heard the evidence and who concluded that each of these defendants was guilty.*

*"I don't believe justice has been done in this case."* (Emphasis supplied.)

So now we know what the statute says. We know the defense argued it. We know the trial judge relied on it, even to a paraphrase of its wording.

Now we must examine what the courts have said; this Court and more importantly the Supreme Court, by whose holdings we are bound.

In *People v Barron,* 381 Mich 421, 425; 163 NW2d 219, 221 (1968), the Supreme Court quoted with approval the language in *People v Jenness,* 5 Mich 305, 330 (1858).

" 'We think the credibility of an accomplice, like that of any other witness, is exclusively a question for the jury; and it is well settled that a jury may convict on such testimony alone without confirmation.' "

So much for the issue of the weight and credibility of testimony of one in complicity in the illegal act.

Now what about the general question of factual determinations. In express terms the trial judge in apparent reliance on the statute repudiated the jury's findings and in his words "substitute[d his own] judgment".

As recently as 1969 the Supreme Court by a four-to-two vote (one Justice not participating) had this to say:

"Determination of the factual questions was definitely a function for the jury, *not the trial court on motion for a new trial nor this Court on appeal.* We find there was testimony which, if believed by the jury, as it apparently was, warranted a finding of defendant's guilt beyond a reasonable doubt. We cannot reverse on this ground." *People v Mosden,* 381 Mich 506, 510; 164 NW2d 26, 27 (1969). (Emphasis supplied.)

What are we to do where the trial judge in complete candor states in his charge to the jury "[i]f you accept the testimony of one group of witnesses, I don't think you will have too much difficulty in concluding beyond a reasonable doubt that the defendants are guilty as charged".

Under the statute as interpreted by the Supreme Court we can do naught but affirm.

Perforce we reverse the trial judge and hold that the grant of a new trial was improper.

We order the reinstatement of the jury verdicts.

Appellants raise additional questions on review. We have considered them. We conclude none is reversibly erroneous. Hence we do not discuss them.

The convictions are affirmed.

All concurred.