PEOPLE v RAYFORD JOHNSON

PEOPLE v LOVE

1. Criminal Law—Trial—New Trial—Trial Judge—Disqualifica-
   tion.
   A trial judge's expression of his belief in a defendant's guilt will
   not cause the trial judge to be disqualified upon retrial of the
   defendant.

2. Trial—Trial Judge—Prejudice—Bias—Disqualification.
   Any alleged prejudice or bias of a trial judge must in fact be
   shown before it can be the basis for the disqualification of the
   trial judge, and the fact that the trial court has previously
   ruled against the party seeking the disqualification cannot be
   alleged to show prejudice; where the statements made by a
   trial judge and relied on by the people for his alleged prejudice
   or bias were all given during the course of legal proceedings in
   a case, either at sentencing or at hearings on the various
   motions, and there was no allegation that they were made in
   bad faith or based on anything other than the trial court's
   perception of the evidence presented by the people, the people
   have failed to show that the trial judge was "personally biased
   or prejudiced for or against any party or attorney". (GCR 1963,
   405.1[3]).

3. Criminal Law—Trial—New Trial—Trial Judge—Order of Dis-
   missal.
   A Supreme Court decision upholding a trial judge's order grant-
   ing a new trial did not take away from the trial judge the
   power to enter an order of dismissal for the defendants at the
   new trial, where the same judge presided over both the old and
   the new trial and had entered the order for the new trial,
   following a jury verdict of guilty at the first trial, because he
   felt that some of the testimony presented by the prosecution at
   the first trial was not worthy of belief and where the prosecu-

References for Points in Headnotes
[1–3] 46 Am Jur 2d, Judges § 180 et seq.
  58 Am Jur 2d, New Trial § 51.
[2] 46 Am Jur 2d, Judges §§ 166–179.

tion has conceded that no new evidence will be forthcoming at the new trial.

Appeal from Recorder's Court of Detroit, George W. Crockett, Jr., J. Submitted February 11, 1976, at Detroit. (Docket Nos. 21929, 21930). Decided March 23, 1976. Leave to appeal applied for.

Rayford Johnson and Cicero Love, Jr., were convicted of first-degree murder. Defendants' motion for a new trial was granted and the people appealed. The Court of Appeals reversed the trial court's grant of a new trial and reinstated the jury's verdict, 52 Mich App 385 (1974). The Supreme Court reversed the Court of Appeals and remanded to the trial court for a new trial, 391 Mich 834 (1974). The people's motion for disqualification of the trial judge was denied and each defendant's motion for dismissal was granted. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals and *Thomas M. Khalil,* Assistant Prosecuting Attorney, for the people.

*William B. Daniel,* for defendant Rayford Johnson.

*Sheldon Halpern* and *Neal Bush,* for defendant Cicero Love, Jr.

Before: M. F. CAVANAGH, P. J., and R. B. BURNS and F. C. ZIEM,* JJ.

F. C. ZIEM, J. This case has been in process for

---

* Circuit judge, sitting on the Court of Appeals by assignment.

several years. It has previously been before this Court and the Supreme Court. It began with the killing of an off-duty police officer, Alonzo Marshall, during the course of a robbery on September 1, 1971.

These defendants were eventually arrested and tried for first-degree murder under a felony murder theory. MCLA 750.316; MSA 28.548. Defendant Johnson's first trial resulted in a hung jury and declaration of mistrial May 5, 1972, before Recorders Court Judge Evans. Subsequently, a prosecution motion to consolidate these cases for trial was granted on June 14, 1972.

At Johnson's second trial, Love's first, the jury returned a verdict of guilty of murder in the first degree. The verdict was returned on July 28, 1972, after 17 days of testimony and deliberation. Recorders Court Judge George Crockett presided at this trial.

Upon defense counsel's motion, the trial court granted a new trial because "justice [had] not been done", MCLA 770.1; MSA 28.1098. The prosecution appealed from this grant of new trial. The Court of Appeals in an opinion written by Judge O'Hara reversed the trial court's grant of a new trial and reinstated the verdict rendered by the jury. *People v Rayford Johnson,* 52 Mich App 385;217 NW2d 417 (1974). The Supreme Court granted leave, *sua sponte,* reversed the Court of Appeals and remanded to the trial court for a new trial. *People v Rayford Johnson,* 391 Mich 834; 218 NW2d 378 (1974).

On August 28, 1974, the people moved before Judge Crockett for the judge to disqualify himself from the retrial under GCR 1963, 405.1(3)(8). Judge Crockett refused asserting that the rule relied upon was not applicable to these circum-

stances. At that point the assistant prosecuting attorney asked that no other matters in this case be heard until the trial court's decision not to disqualify itself could be reviewed by this Court. The trial court refused the assistant prosecuting attorney's request. The trial court immediately considered and granted defendant Johnson's motion for dismissal.

Judge Crockett granted defendant Love's motion to dismiss on September 5, 1974. The court adopted the opinion rendered in Johnson's motion as controlling in Love's situation also.

The prosecution's claim of appeal, filed October 21, 1974, challenged Judge Crockett's decision not to disqualify himself and to dismiss the charges against these defendants.

The first issue presented is whether the trial court erred in failing to disqualify itself from consideration of motions to dismiss where it had previously expressed doubt as to defendant's guilt and granted a motion for new trial on that basis.

The trial judge in effect expressed his belief that the people failed to prove the defendants' guilt beyond a reasonable doubt. The prosecutor asserts that the statements made show a predisposition in favor of the defendants and bias against the people's case and that Judge Crockett should have disqualified himself from consideration of the motions to dismiss and a new trial ordered by the Supreme Court.

GCR, 1963, 405.1 provides in part: "The judge shall be deemed disqualified to hear the action when the judge: * * * (3) is personally biased or prejudiced for or against any party or attorney; * * * ." The people place sole reliance upon this subdivision of the rule to support the claim that Judge Crockett should have disqualified himself or

have been disqualified by Judge Gardner. No cases have been cited by the people to support this proposition.

No Michigan case has been found in which the people have sought to disqualify a judge from sitting on the retrial of a case in these circumstances. It has been held that a judge's expression of his belief in defendant's guilt will not cause him to be disqualified upon a retrial of a defendant. *Kolowich v Ferguson,* 264 Mich 668; 250 NW 875 (1933), *People v Mexicott,* 288 Mich 671; 286 NW 121 (1939).

It has been held universally in the cases that if a party is relying on the alleged prejudice or bias of the trial judge for disqualification, that prejudice or bias must in fact be shown. *Crowley Milner & Co v Macomb Circuit Judge,* 239 Mich 605; 215 NW 29 (1927), *Wayne County Prosecutor v Doerfler,* 14 Mich App 428; 165 NW2d 648 (1968), *People v Moran,* 36 Mich App 730; 194 NW2d 555 (1971), *People v Irwin,* 47 Mich App 608; 209 NW2d 718 (1973), *Irish v Irish,* 59 Mich App 635; 229 NW2d 874 (1975). Actual bias has only rarely been shown. *Auto Workers Flint Federal Credit Union v Kogler,* 32 Mich App 257; 188 NW2d 184 (1971), *People v Donald Lobsinger,* 64 Mich App 284; 235 NW2d 761 (1975).

The fact that the trial court has previously ruled against the party cannot be alleged in support of a showing of prejudice. *Irish v Irish, supra.* The Supreme Court has phrased the point even more broadly. In *Mahlen Land Corporation v Kurtz,* 355 Mich 340, 350; 94 NW2d 888 (1959), the Court stated:

"Every court, and every member of every appellate court, must form an opinion as to the merits of the matter before him, often, as to the bona fides of the

parties. This opinion, pro or con, cannot constitute bias or prejudice."

See also *Crowley Milner & Co v Macomb Circuit Judge, supra,* at 613.

The statements relied upon by the people here were all given during the course of legal proceedings in this case either at sentencing or at hearings on the various motions. There is no allegation that they were made in bad faith or based on anything other than the trial court's perception of the evidence presented by the people. The people have failed to show that the judge was "personally biased or prejudiced for or against any party or attorney". GCR 1963, 405.1(3).

Prejudice has been defined as "an opinion or leaning adverse to anything without just grounds or before sufficient knowledge". Webster's New Collegiate Dictionary (8th Edition), p 907. The people have not cited anything in the record which shows that Judge Crockett expressed an opinion about the quality of the people's proof until after all the evidence had been presented.

We are therefore of the opinion that the people have not met the burden of establishing that Judge Crockett should be disqualified in this matter.

On the second issue, to wit: whether Judge Crockett had the power to dismiss following the remand by the Michigan Supreme Court, the writer of this opinion happens to agree with the reasoning of Judge O'HARA in his opinion reversing Judge Crockett and holding that the grant of a new trial was improper and reinstating the jury verdicts. *People v Rayford Johnson and People v Love,* 52 Mich App 385; 217 NW2d 417 (1974). However, that is of little importance, because that

decision was reversed and the matter remanded for a new trial by the Supreme Court, 391 Mich 834; 218 NW2d 378 (1974). We are bound by that decision and must follow it, and so must Judge Crockett.

Did Judge Crockett follow the Supreme Court's mandate or did he lack the power to dismiss under the facts and circumstances here involved?

Appellant asserts that the trial court's decision to dismiss encroaches on the doctrine of separation of powers and that the prosecutor has the exclusive right to dismiss cases if sufficient evidence can be produced; trial courts have no inherent power to do so, citing *People v Stewart,* 52 Mich App 477; 217 NW2d 894 (1974). Appellant asserts that in this case sufficient evidence was produced to convince a jury of defendant's guilt; and that the Supreme Court in this case ordered a new trial, not a dismissal.

In the present case, although there is "sufficient evidence" to support a conviction, the trial court has ruled that some of the testimony was not worthy of belief and is in that sense insufficient. The Supreme Court has affirmed the grant of a new trial on that basis.

Judge Crockett originally granted the new trial because he was unconvinced of defendants' guilt. Another trial before the same judge would result in another motion for new trial if a jury convicted or in acquittal if tried before the court alone, because the people admittedly will not introduce new evidence at a retrial.

The Supreme Court reversed the Court of Appeals and remanded for a new trial. Upon the remand, it is conceded there will not be any new or different evidence to be presented upon the retrial of these causes. Judge Crockett had already

set aside the verdicts of guilty based upon this same evidence. Was he bound by the Supreme Court's order to go through this same procedure again and if there was another verdict of guilty by the jury, to be then presented with the same issue in the same cases with same parties that had already been ruled upon by him in 1972, and which decision had been reversed by the Court of Appeals, which was then in turn reversed by the Supreme Court? We think not. Judge Crockett has already set aside the verdicts of guilty in these cases. There is no new evidence to be presented. It would be a useless waste of time to start another series of proceedings consisting of another trial (with or without jury) and if there was a jury verdict of guilty, the trial judge setting it aside for the same reasons, followed by another round of appeals on the same issues which have already been decided one way (reversal) by the Court of Appeals, and decided another way (reversal of the reversal) by the Supreme Court. This could go on forever.

The situation presented here, a dismissal after grant of new trial because the court was not satisfied that the people had proved defendants' guilt beyond a reasonable doubt and an admission by the people that no new evidence will be presented upon retrial has not previously been passed upon by appellate courts of this state.

In *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972), the prosecutor appealed the trial court's action of accepting a plea of guilty to an added count not charged in the information over the prosecutor's objection. Justice WILLIAMS, writing for the Court, framed the issue in terms of who decides under what statute criminal charges will be brought. Thus phrased, the

Court held that the trial court could not act as "prosecutor, judge, and jury" and was encroaching on the executive function of determining what crime was to be charged. *Genesee* was truly a separation of powers case. No evidence had been produced on any charge, unlike the present case where the same judge ruling on the motion to dismiss had heard the people's entire case.

We are, thus, of the opinion that Judge Crockett did follow the Supreme Court's mandate and that he did have the power to dismiss these cases under the unusual facts and circumstances here involved.

For the foregoing reasons the trial court is affirmed.